# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN IN THE SOUTHERN DIVISION

MONIQUE GRIMES, as Personal Representative
of the Estate of DAMON GRIMES,  Deceased,

       Plaintiff,

v

TROOPER JOHN DOE, individually,

       Defendant.

Case No.  17 -          - CV
Hon.

_____

GEOFFREY N. FIEGER (P30441)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 West 10 Mile Road
Southfield, MI 48075
(248) 355-5555
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other civil action between these parties arising out of the same
transaction or occurrence as alleged in this complaint pending in this court,
nor has any such action been previously filed and dismissed or transferred
after having been assigned to a judge, nor do I know of any other civil
action not between these parties arising out of the same transaction or
occurrence as alleged in this complaint that is either pending, or was
previously filed and dismissed, transferred, or otherwise disposed of after
having been assigned to a judge in this court.

NOW COMES, Plaintiff, MONIQUE GRIMES, as Personal Representative of the

Estate of DAMON GRIMES, by and through her attorneys, FIEGER, FIEGER,

KENNEY & HARRINGTON, P.C., and for her Complaint and Jury Demand against the

above named Defendants, hereby states as follows:

## JURISDICTION

1.     This action arises under the United States Constitution, particularly under

the provisions of the Fourth and Fourteenth Amendments to the United States

Constitution and under the laws of the United States, particularly under the Civil Rights

Act, 42 U.S.C. §§ 1983 and 1988, and under the statutes and common law of the State of Michigan.

2.      This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983.

3.      This court has supplemental jurisdiction of the Michigan law state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims pursuant to 28 U.S.C. §1367.

4.      The amount in controversy exceeds Seventy-Five Thousand dollars, excluding interests, costs, and attorney fees.

## VENUE

5.      Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C § 1391(d). The events took place in the City of Detroit, County of Wayne, State of Michigan, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

6.      At all times relevant to this lawsuit, Plaintiff's Decedent, DAMON GRIMES, was a resident of the City of Detroit, County of Wayne, State of Michigan.

7.      At all times relevant hereto, MONIQUE GRIMES, was duly appointed as Personal Representative of the Estate of DAMON GRIMES by the Wayne County Circuit Court.

8.      Upon information and belief, at all times relevant hereto, TROOPER JOHN DOE, was a citizen of the State of Michigan and was acting in his individual

capacity and under the color of state law within the course and scope of his employment as a State Trooper for the State of Michigan.

## FACTUAL STATEMENT

9.      Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

10.     On or about August 26, 2017, at around 5:30 p.m., DAMON GRIMES, who was 15 years old, was operating an all-terrain vehicle [hereinafter, "ATV"] east on Rossini, near Gratiot avenue, in the City of Detroit, State of Michigan.

11.     At all times relevant hereto, Defendant, TROOPER JOHN DOE, began to pursue DAMON GRIMES and did so in a manner in direct violation of the laws of the State of Michigan and/or policies and procedures of the Michigan State Police.

12.     At no time did Defendant, TROOPER JOHN DOE, witness DAMON GRIMES commit any violent crime or felony.

13.     At no time did DAMON GRIMES have a weapon or display any object that appeared to be a weapon.

14.     At no time did DAMON GRIMES threaten Defendant, TROOPER JOHN DOE, in any way.

15.     At no time did DAMON GRIMES pose an immediate threat of harm to Defendant, TROOPER JOHN DOE, or any other person in the immediate vicinity.

16.     At all times relevant hereto, Defendant, TROOPER JOHN DOE, deployed his Taser directly at DAMON GRIMES through the open window of Defendant's moving patrol vehicle in violation of the United States Constitution and the Michigan State Police policy and/or procedure.

17.     At all times relevant hereto, DAMON GRIMES was unlawfully struck with the Taser while in motion on his ATV.

18.     At all times relevant hereto, the electrical force of the Taser caused DAMON GRIMES to lose control of the ATV and propelling him into the rear end of another motor vehicle.

19.     At all times relevant, Defendant, TROOPER JOHN DOE, knew or should have known that the application of a Taser  to an individual will have the effect of that person losing muscle control and to tase an individual on a moving ATV would be extremely dangerous and an excessive use of force.

20.     At all times relevant, Defendant, TROOPER JOHN DOE, knew or should have known that the application of a Taser upon DAMON GRIMES, who was still in motion on the ATV, posed a substantial risk of death or serious injury.

21.     That after shooting DAMON GRIMES with the Taser, Defendant, TROOPER JOHN DOE, did not stop his patrol vehicle and instead drove off.

22.     DAMON GRIMES died as a direct and proximate result of the wrongful acts and omissions of Defendant, TROOPER JOHN DOE.

23.     At all times relevant hereto, Defendant, TROOPER JOHN DOE, was acting under the color of state law as a State Trooper employed by the State of Michigan and proximately caused DAMON GRIMES injuries at set forth herein.

## COUNT I
## 42 U.S.C § 1983-EXCESSIVE FORCE

24.      Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

25.     At all times relevant hereto, Defendant, TROOPER JOHN DOE, was acting under the color of state law and in his individual capacity as a State Trooper for the State of Michigan and his acts and/or omissions were conducted within the scope of his official duties and employment.

26.     At all times relevant hereto, as a State Trooper acting under the color of law, Defendant, TROOPER JOHN DOE, was required to obey the laws of the United States, including those laws identified under the Fourth and Fourteenth Amendments to the United States Constitution.

27.     In violation of DAMON GRIMES' clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant, TROOPER JOHN DOE, unlawfully used excessive force against DAMON GRIMES, who was 15 years old, thereby causing his untimely death.

28.     Under all the circumstances known to Defendant, TROOPER JOHN DOE, the physical force used against DAMON GRIMES was objectively unreasonable and clearly excessive.

29.     The misconduct of Defendant, TROOPER JOHN DOE, directly and proximately caused DAMON GRIMES and members of his estate to suffer numerous injuries and damages and members of his estate will continue to suffer in the future, including but not limited to:

    a.  Conscious physical pain and suffering endured by DAMON GRIMES during the time between his injury and death;
    b.  Medical and hospital expenses;
    c.  Funeral and burial expenses;
    d.  Loss of financial support and/or future support from DAMON GRIMES;

e.  Loss of society and companionship of DAMON GRIMES;
f.  Death;
g.  Loss of service;
h.  Loss of gifts and/or other valuable gratuities;
i.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;
j.  Punitive damages;
k.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
l.  Any other damages allowed by law.

30.    The acts and/or omissions of Defendant, TROOPER JOHN DOE, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of DAMON GRIMES. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendant and in an amount greatly in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of costs, interest and attorney fees.

## COUNT II
## GROSS NEGLIGENCE

31.    Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

32.    At all times relevant hereto, Defendant, TROOPER JOHN DOE, owed DAMON GRIMES a duty to not act in a grossly negligent manner, to act prudently and with reasonable care and to avoid the use of unnecessary and unreasonable force.

33.    Defendant, TROOPER JOHN DOE, breached the duties owed to DAMON GRIMES when Defendant acted with a substantial lack of concern and with reckless disregard for the safety of DAMON GRIMES,  including but not limited to the following particulars:

a. Using a Taser on a child in response to a traffic violation thereby causing his death;

b. Failing to exhaust all other less intrusive uses of force before using the Taser upon DAMON GRIMES, a child;

c. Failing to issue verbal warning against DAMON GRIMES prior to using the Taser against him;

d. Deploying a Taser at DAMON GRIMES who was operating a moving ATV  thereby causing a collision, in complete disregard for the safety of DAMON GRIMES and others;

e. Deploying a Taser through an open window of a moving vehicle in violation of State of Michigan policy and procedure;

f. Engaging in a high-speed pursuit in response to a misdemeanor traffic violation in complete disregard for the safety of DAMON GRIMES and others;

g. Engaging in a high-speed pursuit in response to a misdemeanor traffic violation in violation of State of Michigan and/or City of Detroit Police Department policy and procedure;

h. Utilizing deadly force upon DAMON GRIMES who Defendant, TROOPER JOHN DOE, did not witness commit any violent crime or felony;

i. Utilizing deadly force upon DAMON GRIMES who was not in possession of a weapon and did not display any object that appeared to be a weapon;

j. Utilizing deadly force upon DAMON GRIMES who did not pose an immediate threat of harm to Defendant, TROOPER JOHN DOE, or any person in the immediate vicinity;

k. Utilizing deadly force upon DAMON GRIMES who did not threaten Defendant, TROOPER JOHN DOE, or any member of the public in any way;

l. Acting with reckless disregard for the safety of DAMON GRIMES; and

m. All other breaches learned through the course of discovery which are hereby adopted by reference.

34.    At all times relevant, defendant's conduct was so reckless as to have a substantial disregard as to whether injury would occur and / or otherwise amounts to gross negligence.

35.    As a result of the grossly negligent conduct of defendant, such acts were the proximate cause of all injuries claimed herein.

36.    The misconduct of Defendant, TROOPER JOHN DOE, directly and proximately caused DAMON GRIMES and members of his estate to suffer numerous injuries and damages and members of his estate will continue to suffer in the future, including but not limited to:

a.    Conscious physical pain and suffering endured by DAMON GRIMES during the time between his injury and death;
b.    Medical and hospital expenses;
c.    Funeral and burial expenses;
d.    Loss of financial support and/or future support from DAMON GRIMES;
e.    Loss of society and companionship of DAMON GRIMES;
f.    Death;
g.    Loss of service;
h.    Loss of gifts and/or other valuable gratuities;
i.    Attorneys fees and costs pursuant to 42 U.S.C. §1988;
j.    Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
k.    Any other damages allowed by law.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendant and in an amount greatly in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of costs, interest and attorney fees.

Respectfully submitted,

_ /s/ Geoffrey N. Fieger _
Geoffrey N. Fieger (P30441)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorney for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555

Dated:   August 30, 2017

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN IN THE SOUTHERN DIVISION

MONIQUE GRIMES, as Personal Representative
of the Estate of DAMON GRIMES,

Case No.  17 -        - CV
Hon.

      Plaintiff,

v

TROOPER JOHN DOE, individually,

      Defendant.

___

GEOFFREY N. FIEGER (P30441)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 West 10 Mile Road
Southfield, MI 48075
(248) 355-5555

___

## DEMAND FOR TRIAL BY JURY

      NOW COMES Plaintiff, MONIQUE GRIMES, as Personal Representative of the Estate of DAMON GRIMES, Deceased, by and through her attorneys FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and hereby demands a trial by jury in the above-captioned matter.

                Respectfully submitted,

                */s/ Geoffrey N. Fieger*
                Geoffrey N. Fieger (P30441)
                Fieger, Fieger, Kenney & Harrington, P.C.
                Attorney for Plaintiff
                19390 W. Ten Mile Rd.
                Southfield, MI 48075
                (248) 355-5555

Dated:  August 30, 2017