**EXHIBIT B**



STATE OF MICHIGAN
DEPARTMENT OF STATE POLICE
LANSING

RICK SNYDER
GOVERNOR

COL. KRISTE KIBBEY ETUE
DIRECTOR

*17832*

RECEIVED
SEP 29 2017
Fieger Law

September 27, 2017

GINA PUZZUOLI
FIEGER FIEGER KENNEY HARRINGTON
19390 WEST TEN MILE RD
SOUTHFIELD, MI 48075

Subject: CR-20047063; 17832; GRIMES, DAMON

Dear GINA PUZZUOLI:

This notice is issued in response to your request received 09/06/2017, asking for information under the Freedom of Information Act (FOIA), MCL 15.231, *et seq*.

Your request is granted as to existing, non-exempt records in the possession of the Michigan State Police that fall within the scope of your request. To process your request, the Department estimates a FOIA processing fee of $5,331.20 to search for, retrieve, review, examine, and separate exempt material, if any. You may pay the deposit online at www.michigan.gov/mspfoiapayments using a credit card or check in the amount of $2,665.60 to cover the required deposit of the estimated processing fee. You will need to provide your name and the reference number listed above to utilize the online payment option. Please note there is a $2.00 processing fee for using this service. If you prefer, you can submit a check or money order made payable to the STATE OF MICHIGAN and mail to P.O. Box 30266, Lansing, MI 48909. To ensure proper credit, please enclose a copy of this letter with your payment.

Upon receipt of the deposit, the Department will complete the processing of your request. You will be notified of the balance due before mailing of the records, and of the statutory basis for the exemption of any records or portions of records, and of your statutory remedial rights, if applicable. The Department estimates a processing time of 90 business days after receipt of payment.

Under the FOIA Section 10a (a copy of which is enclosed), you have the right to appeal the fee to the head of this public body.

If you have any questions concerning this matter, please feel free to contact our office at 517-241-1934 or email MSP-FOI@michigan.gov. You may also write to us at the address listed below and enclose a copy of this letter.

To review a copy of the Department's written public summary, procedures and guidelines, go to www.michigan.gov/msp.

Sincerely,

BETHANY GOODWIN
Freedom of Information Unit
Michigan State Police

# STATE OF MICHIGAN FREEDOM OF INFORMATION ACT
# FEE CALCULATION FORM

File Number: CR-20047063          Requestor Name: GINA PUZZUOLI

## Estimated Costs

| | Hourly Rate | Hours | Total |
|---|---|---|---|
| **Labor (Search, Locate, Examine)*** | | | |
| EXEC. SECRETARY 10 | $ 37.71 / hr | 8 hrs | $ 301.68 |
| **Labor (Separate/Delete)*** | Hourly Rate | Hours | Total |
| ASST. FOIA COORDINATOR | $ 28.53 / hr | 167.50 hrs | $ 4778.78 |
| **Labor (Contractor)** ** | Hourly Rate | Hours | Total |

| | Unit Cost | Units | Total |
|---|---|---|---|
| **Nonpaper Physical Media** | | | |
| CD | $ 2.91 / un | 1 | $ 2.91 |
| DVD | $ 3.06 / un | 13 | $ 39.78 |
| **Paper Copies** | Unit Cost | Units | Total |
| DOUBLE SIDED PAPER COPIES | $ 0.05 / un | 2775 | $ 138.75 |

| | Hourly Rate | Hours | Total |
|---|---|---|---|
| **Labor (Duplication)*** | | | |
| GENERAL OFFICE ASSISTANT | $ 0.38 / hr | 69.38 hrs | $ 26.36 |

**Indigent Waiver*****                                                                 Total

| | Unit Cost | Units | Total |
|---|---|---|---|
| **Other Fees** | | | |
| UD-10 | $ 10.00 / un | 1 | $ 10.00 |

| | Cost | | Total |
|---|---|---|---|
| **Mailing** | | | |
| MAILING | $ 12.17 | 1 | $ 12.17 |
| MAILING | $ 11.36 | 1 | $ 11.36 |
| MAILING | $ 9.41 | 1 | $ 9.41 |

| | | |
|---|---|---|
| Estimated Total: | | $ 5331.20 |
| 50% Deposit: | | $ 2665.60 |
| Applied Payments: | | $ 0.00 |
| **Total Deposit Due:**** | | **$ 2665.60** |

---

Part or all of the documents requested are available online at:

Cost to provide the online documents in paper form is $_____. If you prefer to have these documents mailed, please forward payment and a copy of this form to the Agency for processing. This will result in a new request.

Return a copy of this fee calculation with your payment to ensure proper credit. Make check or money order payable to STATE OF MICHIGAN.

\*Costs include hourly wage and an additional 50% to partially cover the cost of fringe benefits.
\*\*Actual cost does not exceed 6x the state minimum hourly wage.
\*\*\*Must provide proof of indigence.
\*\*\*\*Once payment is receieved, the Department will process your request.

Sec. 10a.

(1) If a public body requires a fee that exceeds the amount permitted under its publicly available procedures and guidelines or section 4, the requesting person may do any of the following:

(a) If the public body provides for fee appeals to the head of the public body in its publicly available procedures and guidelines, submit to the head of the public body a written appeal for a fee reduction that specifically states the word "appeal" and identifies how the required fee exceeds the amount permitted under the public body's available procedures and guidelines or section 4.

(b) Commence a civil action in the circuit court, or if the decision of a state public body is at issue, in the court of claims, for a fee reduction. The action must be filed within 45 days after receiving the notice of the required fee or a determination of an appeal to the head of a public body. If a civil action is commenced against the public body under this subdivision, the public body is not obligated to complete the processing of the written request for the public record at issue until the court resolves the fee dispute. An action shall not be filed under this subdivision unless 1 of the following applies:

(i) The public body does not provide for appeals under subdivision (a).

(ii) The head of the public body failed to respond to a written appeal as required under subsection (2).

(iii) The head of the public body issued a determination to a written appeal as required under subsection (2).

(2) Within 10 business days after receiving a written appeal under subsection (1)(a), the head of a public body shall do 1 of the following:

(a) Waive the fee.

(b) Reduce the fee and issue a written determination to the requesting person indicating the specific basis under section 4 that supports the remaining fee. The determination shall include a certification from the head of the public body that the statements in the determination are accurate and that the reduced fee amount complies with its publicly available procedures and guidelines and section 4.

(c) Uphold the fee and issue a written determination to the requesting person indicating the specific basis under section 4 that supports the required fee. The determination shall include a certification from the head of the public body that the statements in the determination are accurate and that the fee amount complies with the public body's publicly available procedures and guidelines and section 4.

(d) Issue a notice extending for not more than 10 business days the period during which the head of the public body must respond to the written appeal. The notice of extension shall include a detailed reason or reasons why the extension is necessary. The head of a public body shall not issue more than 1 notice of extension for a particular written appeal.

(3) A board or commission that is the head of a public body is not considered to have received a written appeal under subsection (2) until the first regularly scheduled meeting of that board or commission following submission of the written appeal under subsection (1)(a).

(4) In an action commenced under subsection (1)(b), a court that determines the public body required a fee that exceeds the amount permitted under its publicly available procedures and guidelines or section 4 shall reduce the fee to a permissible amount. Venue for an action against a local public body is proper in the circuit court for the county in which the public record or an office of the public body is located. The court shall determine the matter de novo, and the burden is on the public body to establish that the required fee complies with its publicly available procedures and guidelines and section 4. Failure to comply with an order of the court may be punished as contempt of court.

(5) An action commenced under this section and an appeal from an action commenced under this section shall be assigned for hearing and trial or for argument at the earliest practicable date and expedited in every way.

(6) If the requesting person prevails in an action commenced under this section by receiving a reduction of 50% or more of the total fee, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under subsection (7).

(7) If the court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by charging an excessive fee, the court shall order the public body to pay a civil fine of $500.00, which shall be deposited in the general fund of the state treasury. The court may also award, in addition to any actual or compensatory damages, punitive damages in the amount of $500.00 to the person seeking the fee reduction. The fine and any damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function.

(8) As used in this section, "fee" means the total fee or any component of the total fee calculated under section 4, including any deposit.

Sec. 10.

(1) If a public body makes a final determination to deny all or a portion of a request, the requesting person may do 1 of the following at his or her option:

(a) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial.

(b) Commence a civil action in the circuit court, or if the decision of a state public body is at issue, the court of claims, to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request.

(2) Within 10 business days after receiving a written appeal pursuant to subsection (1)(a), the head of a public body shall do 1 of the following:

(a) Reverse the disclosure denial.

(b) Issue a written notice to the requesting person upholding the disclosure denial.

(c) Reverse the disclosure denial in part and issue a written notice to the requesting person upholding the disclosure denial in part.

(d) Under unusual circumstances, issue a notice extending for not more than 10 business days the period during which the head of the public body shall respond to the written appeal. The head of a public body shall not issue more than 1 notice of extension for a particular written appeal.

(3) A board or commission that is the head of a public body is not considered to have received a written appeal under subsection (2) until the first regularly scheduled meeting of that board or commission following submission of the written appeal under subsection (1)(a). If the head of the public body fails to respond to a written appeal pursuant to subsection (2), or if the head of the public body upholds all or a portion of the disclosure denial that is the subject of the written appeal, the requesting person may seek judicial review of the nondisclosure by commencing a civil action under subsection (1)(b).

(4) In an action commenced under subsection (1)(b), a court that determines a public record is not exempt from disclosure shall order the public body to cease withholding or to produce all or a portion of a public record wrongfully withheld, regardless of the location of the public record. Venue for an action against a local public body is proper in the circuit court for the county in which the public record or an office of the public body is located has venue over the action. The court shall determine the matter de novo and the burden is on the public body to sustain its denial. The court, on its own motion, may view the public record in controversy in private before reaching a decision. Failure to comply with an order of the court may be punished as contempt of court.

(5) An action commenced under this section and an appeal from an action commenced under this section shall be assigned for hearing and trial or for argument at the earliest practicable date and expedited in every way.

(6) If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under subsection (7).

(7) If the court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall order the public body to pay a civil fine of $1,000.00, which shall be deposited into the general fund of the state treasury. The court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $1,000.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function.