UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE GRIMES, as Personal
Representative of the Estate of
DAMON GRIMES, Deceased,

        Plaintiff,

v.

        Case No.: 17-12860
        Honorable Gershwin A. Drain

TROOPER MARK BESSNER, *et al*.,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY EX PARTE MOTION FOR ALTERNATE SERVICE OF SUMMONS AND AMENDED COMPLAINT ON TROOPER MARK BESSNER [#8]

### I. INTRODUCTION

Presently before the Court is Plaintiff's Ex Parte Motion for Alternate Service of Summons and Amended Complaint on Trooper Mark Bessner Pursuant to Fed. R. Civ. P. 4(e)(1), filed on October 3, 2017. Plaintiff moves for alternate service upon Defendant, Michigan State Police Trooper Mark Bessner. Plaintiff asserts that Defendant Bessner has evaded Plaintiff's diligent attempts to officially effectuate service of process through traditional means. The Court conducted a hearing on this matter on October 6, 2017.

## II. FACTUAL BACKGROUND

Plaintiff filed the instant 42 U.S.C. § 1983 excessive force action on August 30, 2017. Plaintiff alleges that Defendant Bessner's use of excessive force resulted in her fifteen year-old son, Damon Grimes's death on August 26, 2017. Specifically, Defendant Bessner deployed his taser directly at Damon Grimes and striking him as he was riding an ATV, which resulted in Damon Grimes being propelled into the rear end of a vehicle.

Once the Plaintiff learned the identity of the Trooper who fired his taser at Damon Grimes, Plaintiff filed an Amended Complaint on September 20, 2017 naming Defendant Bessner, as well as the officer who was with him on the date of the incident. Plaintiff provided the Summons and Amended Complaint to the process server, a former police officer, who conducted a postal check and determined Defendant Bessner's address. He confirmed that Defendant Bessmer lives in the city identified during the postal search by speaking with reliable sources at the Michigan State Police.

The process server went to the address provided during the postal check on September 22, 2017 at 5:35 p.m. and knocked on the door, however nobody answered the door. He noted a minivan in the driveway and left a card in the door which states "Sorry we missed you please call as soon as possible we have important legal paperwork for you." The card also provided a contact number and

business information. He returned the next day around noon, however there was no answer at the door or any vehicles in the driveway. He noted that the card he had left the previous day was gone. He went back to the home a few days later, and again there was no answer at the door or vehicles in the driveway. He left a card. The next day, the process server reported the same circumstances and noted that the card he had left the previous day. On September 29, 2017, the process server returned to the home and while there was no answer at the door, he noted that his card was gone, the minivan was in the driveway and the lights were on inside the residence. The next day, a Saturday, he arrived at the home at 8:00 a.m. and yet again nobody answered the door even though the minivan was in the driveway. The process server decided to observe the home. He knocked on the door about forty-five minutes later, and nobody answered the door. He noticed the card he left in the door the previous day had been removed. He attempted to effectuate service roughly an hour later, but again there was no answer at the door.

Around 10:00 a.m. that day, a female arrived at the home. The process server attempted to make contact with her but she would only say "hello." She then took the card off the door and entered the house. She declined to answer the door when the server knocked. The server made three additional attempts to serve process, but the door was never answered. He remained at the residence until roughly 4:00 p.m. The server also called multiple phone numbers associated with

Defendant, his wife and his suspected attorney.[1] He has not received any response to his calls.

### III. LAW & ANALYSIS

Plaintiff asserts that Defendant Bessner is intentionally evading service. She requests that the Court permit alternate service by posting the Summons and Amended Complaint on the front door of his residence.

Federal Rule of Civil Procedure 4(e)(1) governs service on an individual within a judicial district of the United States. The rule states that:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>  (A) delivering a copy of the summons and of the complaint to the individual personally;
>  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[1] At the hearing, Plaintiff provided the Court with email correspondence from Rick Convertino indicating that he had accepted service on behalf of Mr. Bessner, but he was not in fact Mr. Bessner's attorney in this civil matter. As such, he forwarded the summons and amended complaint to the attorney for the Michigan State Troopers Association, Larry Schneider. In his email correspondence, Mr. Convertino indicated that Mr. Schneider informed him that he would forward a copy of the summons and amended complaint to the appropriate personnel.

Fed. R. Civ. P. 4(e)(1)-(2).

The Plaintiff, through the process server, has attempted to personally serve Defendant Bessmer on twelve occasions, six of which it appeared that there were occupants in the residence who refused to answer the door and one instance where a female was observed entering the home, but would not answer the door when the process server knocked numerous times during a six-hour period. As such, it does not appear that Plaintiff will be able to effectuate service pursuant to Fed. R. Civ. P. 4(e)(2), thus Plaintiff must serve process pursuant to Michigan law.

Michigan Court Rule 2.105(A) states that service of process on an individual may be accomplished by,

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A). Plaintiff maintains that she is attempting service by the means delineated in Mich. Ct. R. 2.105(A)(2), however she anticipates Defendant Bessner will refuse to sign for the mail, thus service likewise cannot be effectuated under this subrule.

Michigan law also provides for service by other means, at the

discretion of the Court, if it is shown that service cannot be reasonably made as provided by Mich. Ct. R. 2.105(A)(2). Specifically, the rule states:

> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.
> (3) Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. R. 2.105(I). Accordingly, Plaintiff requests that the Court enter an Order allowing service of process to be made in another manner pursuant to this rule. Specifically, Plaintiff requests that she be permitted to serve process by posting the Summons and Amended Complaint on the front door of Defendant Bessner's residence.

    Here, the Court finds that the Plaintiff has diligently attempted to effectuate service of process on Defendant Bessmer, who has evaded service of process to date. Moreover, the Court notes that this case has received media attention, therefore it is likely that Defendant Bessner already has

6

notice of the instant action and this may be why he has evaded service. *See* Dkt. No. 7, Ex. D. As such, the Court will require the Plaintiff to effectuate service of process by the following means: (1) send the Summons and Amended Complaint, as well as a copy of this Order to Defendant Bessner at his address by certified mail; (2) posting the Summons and Amended Complaint, as well as a copy of this Order on the front door of Defendant Bessner's home; and (3) by daily publication for two weeks in a local Michigan newspaper of general circulation. These methods are reasonably calculated to provide Defendant Bessner with notice of these proceedings and an opportunity to be heard.

## IV. CONCLUSION

Accordingly, Plaintiff's Ex Parte Motion for Alternate Service of Summons and Amended Complaint on Trooper Mark Bessner Pursuant to Fed. R. Civ. P. 4(e)(1) [#8] is GRANTED.

SO ORDERED.

Dated: October 6, 2017 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 6, 2017, by electronic and/or ordinary mail.
/s/ Marcia Beauchemin for Tanya Bankston
Case Manager