UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
IN THE SOUTHERN DIVISION

MONIQUE GRIMES, as Personal
Representative of the Estate of
DAMON GRIMES, Deceased,

    Plaintiff,

v.

TROOPER MARK BESSNER and
TROOPER JOHN DOE,
Individually,

    Defendants.

Case No. 17-cv-12860
Hon. Gershwin A. Drain

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | MARK E. DONNELLY (P39281) |
| JAMES J. HARRINGTON, IV (P65351) | JOSEPH T. FROEHLICH (P71887) |
| GINA U. PUZZUOLI (P37992) | JOHN F. FEDYNSKY (P65232) |
| DANIELLE L. DEZBOR (P79488) | Assistant Attorneys General |
| Fieger, Fieger, Kenney & Harrington, P.C. | Attorneys for SOM and MSP |
| Attorneys for Plaintiff | Civil Litigation, Employment & |
| 19390 West 10 Mile Road | Elections Division |
| Southfield, MI 48075 | P.O. Box 30736 |
| (248) 355-5555 | Lansing, MI 48909 |
| | (517) 373-6434 |
| MICHAEL M. MULLER (P38070) | |
| Senior Assistant Corporation Counsel | |
| City of Detroit Law Dept. | |
| 2 Woodward Ave., Ste 500 | |
| Detroit, MI 48226 | |
| (313) 237-5052 | |

## PETITION TO PERPETUATE TESTIMONY OF STATE POLICE LT. NEIL DONOHUE

NOW COMES Petitioner and Plaintiff Monique Grimes, Personal Representative of the Estate of Damon Grimes, Deceased, by and through her

{00431937.DOCX}

attorneys Fieger, Fieger, Kenny and Harrington, P.C. and pursuant to the Federal Rules of Civil Procedure, Rule 27 (c) respectfully requests that this Honorable Court grant her Petition to Perpetuate Testimony of State Police Lt. Neil Donohue and in support hereof states as follows:

1. That Petitioner Monique Grimes, as Personal Representative of the Estate of Damon Grimes, Deceased, expects to be a party to a lawsuit against the unidentified Michigan State Trooper who was driving the car that Michigan State Trooper Mark Bessner was a passenger in when he shot the taser at the Decedent, Damon Grimes.

2. That Petitioner is filing the petition in this court as the action she expects to file against the unidentified Michigan State Trooper arises out of the same set of facts, circumstances and transaction as the case she presently has filed against Defendant Trooper Mark Bessner.

3. That the subject matter of the expected action is that this unidentified State Trooper violated the Decedent's civil rights on the date of the incident. **Dkt. 2, Pg. ID. # 11-25 Amended Complaint.**

4. That although Petitioner Monique Grimes, through counsel, has repeatedly asked the Attorney General's Office and the Michigan State Police to provide the name of this State Trooper, by way of telephone calls, letter, FOIA requests and subpoena, they have continued to stonewall Petitioner and have

denied, refused and/or failed to provide Petitioner with any information, whatsoever.

5. That due to the denials, refusals and failures to provide any information to the family relating to the death of their son in conjunction with the necessity of a preservation order in the case already filed, the reporting of destruction of evidence and evading service, the risk of loss to evidence is apparent.

6. That Petitioner requests that this Honorable Court enter an Order to Perpetuate the Testimony of Michigan State Police Lt. Neil Donohue for the limited scope and purpose of identification of the Michigan State Trooper, who was in the car with Trooper Mark Bessner at the time of the incident.

7. That Petitioner submits that there are legitimate and justifiable reasons to perpetuate this testimony in order to prevent a complete failure and delay of justice to the family of Damon Grimes, who lost their 15 year old son and have been unable to get any information and/or documentation relating to his death.

8. That although over 6 weeks has elapsed since the death of 15 year old Damon Grimes, his family still cannot get any answers, let alone any information at all, other than what they read in the newspapers and /or online.

9. The family cannot get any answers because the Michigan State Police/State of Michigan and the City of Detroit have fought every attempt of the

family to find out information regarding their son's death. The Michigan State Police/State of Michigan and the City of Detroit have blatantly refused to provide any documents to Petitioner voluntarily, and upon a FOIA request made a demand of payment of over $5,000.00 before they would even process the request and also represented that it would take an additional 90 days to provide documents to the family that were not exempt, even though such documents must have already been provided to the Prosecutor's Office.

10. That the government is avoiding its fundamental obligation of transparency by refusing to provide any information relating to this case, including the name of the Michigan State Trooper who was driving the car on the date of the incident.

11. That the way in which this matter is being handled by the Michigan State Police/State of Michigan and the City of Detroit is at the very least secretive and suspicious , considering that in other cases they are involved in they immediately release at least portions of dash cam video to the public. Therefore, Petitioner has very real and substantiated concerns that if the Michigan State Police/State of Michigan are allowed to continue to withhold all information relating to this case, she will not be able to seek justice for her son.

12. That this Honorable Court astutely noted at the last hearing in this case that this is a very serious excessive force case.

13. That the information relating to the unidentified State Trooper is relevant and not duplicative.

14. Petitioner expects that the unidentified Trooper will be an adverse party to a lawsuit brought by the Estate of Damon Grimes.

15. The name, address and expected substance of the testimony of the deponent is Lt. Neil Donohue from the Michigan State Police, Detroit Post, and will be limited in scope and purpose to the name of the Michigan State Trooper who was driving the car at the time Trooper Mark Bessner tased Damon Grimes.

16. That concurrence was sought for the relief requested in this petition via email, telephone, subpoena and FOIA, but not acquiesced in.

17. That Petitioner relies on the Federal Rules of Civil Procedure, Rule 27 in support of her motion and this Honorable Court's discretion. See also *In re Bay County Middlegrounds Landfill Site, 171 F.3d 1044 (1999)*.

WHEREFORE, Petitioner, Monique Grimes, Personal Representative of the Estate of Damon Grimes respectfully requests that this Honorable Court exercise its discretion to grant her Petition to Perpetuate Testimony of Michigan State Police Trooper Lt. Neil Donohue.

                                        Respectfully submitted,

                                        */s/ Gina U. Puzzuoli*
                                        GEOFFREY N. FIEGER (P30441)
                                        JAMES J. HARRINGTON, IV (P65351)
                                        GINA U. PUZZUOLI (P37992)
                                        DANIELLE L. DEZBOR (P79488)
                                        Fieger, Fieger, Kenney & Harrington, P.C.
                                        Attorneys for Plaintiff
                                        19390 West Ten Mile Road
                                        Southfield, MI 48075
Dated:  October 18, 2017          (248) 355-5555

## CERTIFICATE OF SERVICE

    I hereby certify that on October 18, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

                                        */s/ Karen M. Fiema*
                                        Karen M. Fiema

{00431937.DOCX}

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# IN THE SOUTHERN DIVISION

MONIQUE GRIMES, as Personal
Representative of the Estate of
DAMON GRIMES, Deceased,

    Plaintiff,

v

TROOPER MARK BESSNER and
TROOPER JOHN DOE,
Individually,

    Defendants.

Case No. 17-cv-12860
Hon. Gershwin A. Drain

---

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441)<br>JAMES J. HARRINGTON, IV (P65351)<br>GINA U. PUZZUOLI (P37992)<br>DANIELLE L. DEZBOR (P79488)<br>Fieger, Fieger, Kenney & Harrington, P.C.<br>Attorneys for Plaintiff<br>19390 West 10 Mile Road<br>Southfield, MI 48075<br>(248) 355-5555<br><br>MICHAEL M. MULLER (P38070)<br>Senior Assistant Corporation Counsel<br>City of Detroit Law Dept.<br>2 Woodward Ave., Ste 500<br>Detroit, MI 48226<br>(313) 237-5052 | MARK E. DONNELLY (P39281)<br>JOSEPH T. FROEHLICH (P71887)<br>JOHN F. FEDYNSKY (P65232)<br>Assistant Attorneys General<br>Attorneys for SOM and MSP<br>Civil Litigation, Employment &<br>Elections Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434 |

---

## PLAINTIFF'S BRIEF IN SUPPORT OF VERIFIED PETITION TO PERPETUATE TESTIMONY OF STATE POLICE LT. NEIL DONOHUE

## **TABLE OF CONTENTS**

| | | |
|---|---|---:|
| STATEMENT OF ISSUES PRESENTED | | ii |
| INDEX OF AUTHORITIES | | iii |
| I. | STATEMENT OF FACTS | 2 |
| II. | STATEMENT OF LAW AND ARGUMENT | 3 |
| III. | CONCLUSION | 6 |

## ISSUES PRESENTED

WHETHER PLAINTIFF'S PETITION TO PERPETUATE TESTIMONY OF LT. NEIL DONOHUE SHOULD BE GRANTED?

# INDEX OF AUTHORITIES

## Federal Authorities

*In re Bay County Middlegrounds Landfill Site, 171 F.3d1044 (1999)*     6

## Other Authorities

Federal Rules of Civil Procedure     3

Petitioner, Monique Grimes, as Personal Representative of the Estate of Damon Grimes, files her petition under Fed. R. Civ. P. 27 to "perpetuate the testimony" of Michigan State Police Lt. Neil Donohue. This petition is necessary so that Ms. Grimes can depose Lt. Donohue to ascertain the name of the Michigan State Police trooper, currently a "John Doe," who was driving the police vehicle at the time that Damon Grimes was tased and killed. Despite numerous requests by Plaintiff's counsel, the State of Michigan has refused to divulge the identity of the driver, even though doing so would not hinder the investigation into Damon's death, Petitioner Grimes intends to pursue a civil rights action against the driver of the vehicle, and needs to know his identity in order to secure the Estate's rights. Given that the State is stonewalling Ms. Grimes, this petition to perpetuate testimony is necessary. Petitioner is filing this petition with this Court because any cause of action against the driver arises out of the same facts and circumstances that give rise to the action against Trooper Bessner, which is currently pending before this Court.

## I.     STATEMENT OF FACTS:

On August 26, 2017, at around 5:30 p.m., DAMON GRIMES, who was 15 years old, was operating an all-terrain vehicle east on Rossini, near Gratiot avenue, in the City of Detroit, State of Michigan. Defendant, TROOPER MARK

BESSNER and another Trooper, name presently unknown, began to pursue DAMON GRIMES and did so in a manner in direct violation of the laws of the State of Michigan and the policies and procedures of the Michigan State Police. Defendant, TROOPER MARK BESSNER, deployed his Taser directly at DAMON GRIMES through the open window of Defendant's moving patrol vehicle in violation of the United States Constitution and the Michigan State Police policy and/or procedure. TROOPER JOHN DOE was fully aware of TROOPER MARK BESSNER'S unconstitutional actions.

The electrical force of the Taser caused DAMON GRIMES to lose control of the ATV and propelled him into the rear end of another motor vehicle. DAMON GRIMES died.

The Michigan State Police and the City of Detroit Police Department immediately began an investigation at the scene where it has been reported that the cover up and destruction of evidence began. Moreover, the police have failed to provide and are withholding requested documents and evidence in this case that Plaintiff should be provided without undue and burdensome expense and delay.

Plaintiff has attempted to find out information as simple as the name of the State Trooper who was in the vehicle with Defendant Bessner through telephone calls and letters to the Attorney General's Office, but has been stonewalled at every turn. The Attorney General's Office has ignored the telephone calls and

{00434617.DOCX}                                3

letter, and has failed to respond to the request of that information from Plaintiff's counsel via such calls, letter, FOIA requests and subpoena.

## II. STATEMENT OF LAW AND ARGUMENT

Petitioner Grimes files her petition under the Federal Rules of Civil Procedure, Rule 27. Rule 27 provides in part that a petition may be filed by a person who wishes "to perpetuate testimony about any matter cognizable in a United States Court...in the district court, for the district where the adverse party resides..." Additionally, the rule provides that the petitioner must show the following:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

> (E) the name, address, and expected substance of the testimony of each deponent.

Here, Petitioner meets all of the above requirements.

Petitioner Monique Grimes, as Personal Representative of the Estate of Damon Grimes, expects to be a plaintiff (a party) to a civil rights lawsuit against the unidentified Michigan State Trooper who was driving the car that Michigan State Trooper Mark Bessner was a passenger in when he shot his taser at Damon Grimes. This cause of action is cognizable in the United States court but cannot presently be brought due to the continued stonewalling by State of Michigan and interested parties.

Ms. Grimes has filed her petition in this court because the lawsuit she expects to file against the unidentified Michigan State Trooper arises out of the same set of facts, circumstances and transaction as the case she presently has filed against Defendant Trooper Mark Bessner. Although Petitioner Monique Grimes, through counsel, has repeatedly asked the Attorney General's Office and the Michigan State Police to provide the name of this State Trooper, by way of telephone calls, letter, FOIA requests and subpoena, all requests have been ignored.

As noted, the subject matter of the action is a violation of Damon Grimes' civil rights. Ms. Grimes is interested, of course, as she is the Personal Representative of the Estate of Damon Grimes.

Ms. Grimes needs permission to depose and perpetuate the testimony of Lt. Donahue in order to learn the name of the "John Doe" Trooper. The reasons a petition to perpetuate such testimony is necessary is because the State has wrongly refused to provide the State Trooper's identity to Damon Grimes' family and they are unable to obtain this information from any other source. Additionally, there is no justifiable basis not to provide the identity, and the government's actions have hindered and delayed Petitioner's right to find justice for her son and family.

The names and addresses of the adverse parties are the Attorney General's Office (3030 W. Grand Blvd., #10200, Detroit, MI 48202), the Michigan State Police (333 S. Grand Avenue, P.O. Box 30634, Lansing, MI 48909), and the City of Detroit (City of Detroit Law Department, 2 Woodward Avenue, Suite 400, Detroit, MI 48226).

The name and address of the deponent is Lt. Neil Donohue of the Michigan State Police, Detroit post (upon information and belief, 1301 Third Street, Detroit, MI 48226). The questioning will be limited to the name of the State Trooper noted above to be in the car with Defendant Bessner.

Ms. Grimes submits that the information requested by this petition is relevant and not duplicative. Moreover, the information should be a made public record as there is no reason to allow the government to hide such information. The name of the State Trooper has nothing to do with whether or not a criminal investigation is underway and the refusal to provide such information is tantamount to offensive governmental intrusion. Accordingly, pursuant to Fed. R. Civ. P. 27, this Honorable Court should exercise its discretion and now grant this petition. See also *In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044 (1999 6th Cir)(affirming a district court's decision to grant a petition to perpetuate testimony in anticipation of a lawsuit under Rule 27).

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant her Petition to Perpetuate Testimony of Lt. Neil Donohue and award costs and attorney fees so wrongfully incurred in this matter.

WHEREFORE, Petitioner, Monique Grimes, Personal Representative of the Estate of Damon Grimes respectfully requests that this Honorable Court exercise its discretion and grant her Petition to Perpetuate Testimony of Michigan State Police Trooper Lt. Neil Donohue.

                                                  Respectfully submitted,

                                                  */s/ Gina U. Puzzuoli*
                                                  GEOFFREY N. FIEGER (P30441)
                                                  JAMES J. HARRINGTON, IV (P65351)
                                                  GINA U. PUZZUOLI (P37992)
                                                  DANIELLE L. DEZBOR (P79488)
                                                  Fieger, Fieger, Kenney & Harrington, P.C.
                                                  Attorneys for Plaintiff
                                                  19390 West Ten Mile Road
                                                  Southfield, MI 48075
Dated: October 17, 2017            (248) 355-5555

## CERTIFICATE OF SERVICE

    I hereby certify that on October 17, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

                                                  */s/ Danielle L. Dezbor*
                                                  Danielle L. Dezbor