## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MONIQUE GRIMES, as Personal**
**Representative of the Estate of**
**DAMON GRIMES, Deceased,**

        **Plaintiff,**

                                **Case No. 17-cv-12860**
   **v.**                                 **Hon. Gershwin A. Drain**

**TROOPER MARK BESSNER, *et al*.,**

        **Defendants.**

_____/

## ORDER DENYING MOTION TO QUASH AND GRANTING IN PART MOTION TO STAY [#19] AND STAYING ACTION UNTIL DECEMBER 31, 2017

### I. INTRODUCTION

Presently before the Court is Non-Party State of Michigan and the Michigan State Police's ("MSP") Motion to Quash the Plaintiff's October 4, 2017 Subpoena and Stay this Action, filed on October 18, 2017.[1]  Plaintiff filed a Response in Opposition on November 6, 2017, and the MSP filed a Reply on October 9, 2017.  A hearing was held on November 14, 2017.  For the reasons that follow, the Court

---

[1] The MSP should have filed two separate motions-one motion seeking to quash the October 4, 2017 subpoena and a second motion seeking to stay these proceedings-rather than request both forms of relief in a single motion.

will deny MSP's Motion to Quash and will grant in part the MSP's request to stay the instant proceedings.

## II. FACTUAL BACKGROUND

Plaintiff's son was killed during an encounter with former MSP Trooper, Defendant Mark Bessner, on August 26, 2017.  Bessner deployed his Taser directly at Plaintiff's son, who was riding an ATV at the time.  The Taser caused Plaintiff's son to lose control of the ATV and he was propelled into the rear end of another vehicle.

Bessner, as well as reportedly two other officers, have resigned from the MSP as a result of this incident.   Investigations by the Detroit Police Department, the Michigan State Police and the Wayne County Prosecutor's Office are purportedly ongoing.

Plaintiff initiated the instant lawsuit on August 30, 2017 asserting Fourth Amendment claims against Bessner.  Also, on August 30, 2017, Plaintiff sent FOIA letters to the City of Detroit and the MSP requesting that all evidence be preserved and requesting that all records relating to the case be produced to Plaintiff's counsel.

On September 27, 2017, the MSP responded to Plaintiff's FOIA letter and indicated that the request was granted as to "existing, non-exempt records in the possession of the Michigan State Police that fall within the scope of your request."

The MSP further advised that a processing fee of $5,331.20 to search, retrieve, review, examine and exempt material and upon payment of half of this amount, the MSP would begin processing the request. The MSP estimated that it would take 90 days to produce the documents that were subject to the FOIA request.

Plaintiff also sought the name of the MSP Trooper who was in the car with Bessner during the incident on August 27, 2017. The MSP, however, failed to provide this information to Plaintiff's counsel, which resulted in Plaintiff's counsel having to prepare and file a Motion to Perpetuate Testimony of MSP Lietenant Neil Donahue for the limited purpose of identifying the MSP Trooper who was in the car with Bessner. The MSP has since provided the name to Plaintiff's counsel and Plaintiff has withdrawn the Motion to Perpetuate Testimony.[2]

Due to the astronomical fee amount requested by the MSP to process Plaintiff's FOIA request, Plaintiff served Rule 45 Subpoenas on the MSP and the State of Michigan seeking the same information and documents sought in the FOIA letter. The MSP moved to quash the subpoenas on October 18, 2017.

---

[2] Plaintiff has filed another Motion to Perpetuate the testimony of Lieutenant Neil Donahue regarding purported destruction of evidence at the scene of the incident.

## III.  LAW & ANALYSIS

### A.  Motion to Quash

Federal Rule of Civil Procedure 45(d)(3) governs quashing or modifying a subpoena and obligates the district court to quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)  subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).  The MSP asserts that the subpoena violates three of the four grounds set forth in Rule 45(d)(3).  First, the MSP argues that it provided inadequate time—fourteen days—to produce the documents and items requested.

Additionally, the MSP argues that the subpoena seeks items that are subject to the qualified law enforcement privilege.  Lastly, the MSP asserts that the voluminous scope of the requests create an undue burden.

The qualified law enforcement privilege is "designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement."  *In re Packaged Ice Antitrust Litigation*, No. 08-md-01952, 2011 U.S. Dist. LEXIS 2011 WL 1790189, *6 (E.D. Mich. May 10, 2011) (citations and internal quotations marks omitted).  The Sixth Circuit has held that the privilege "protects only suggestions, advice, recommendations and opinions, rather than factual and investigatory reports, data and surveys in

4

government files." *United States v. Leggett & Platt*, 542 F.2d 655, 658 n.4 (6th

Cir. 1976). The individual seeking to quash a subpoena has a heavy burden of

proof to show why the subpoena must be quashed. *United States v. Wells*, No. 06-

10589, 2006 WL 3203905, *2 (E.D. Mich. Nov. 3, 2016).

To determine whether the qualified law enforcement privilege applies,

courts balance the following factors:

> (1) the extent to which disclosure will thwart governmental processes
> by discouraging citizens from giving the government information; (2)
> the impact upon persons who have given information of having their
> identities disclosed; (3) the degree to which governmental self-
> evaluation and consequent program improvement will be chilled by
> disclosure; (4) whether the information sought is factual data or an
> evaluative summary; (5) whether the party seeking the discovery is
> an actual or potential defendant in any criminal proceedings either
> pending or reasonably likely to follow from the incident in question;
> (6) whether the police investigation has been completed; (7) whether
> any interdepartmental disciplinary proceedings have arisen or may
> arise from the investigation; (8) whether the plaintiff's suit is non-
> frivolous and brought in good faith; (9) whether the information
> sought is available through other discovery or from other sources; and
> (10) the importance of the information sought to the plaintiff's case.

*Flagg v. City of Detroit*, No. 05-74253, 2008 U.S. Dist. LEXIS 21923, *7 (E.D.

Mich. Mar. 20, 2008)(quoting *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.

Pa. 1973)).

In *Flagg v. City of Detroit*, the defendants sought to quash subpoenas served

by the plaintiff on four separate entities or individuals. *Flagg*, 2008 U.S. Dist.

LEXIS 21923, *1. The subpoena served upon the Wayne County Prosecutor and

her office is the only relevant subpoena for purposes of the motion presently before this Court. The Wayne County Prosecutor objected to the subpoena on the ground that it sought materials that were part of an ongoing criminal investigation. 2008 U.S. Dist. LEXIS 21923, *6.

The *Flagg* court ultimately concluded that a review of the ten *Frankenhauser* factors was unnecessary because the parties had not briefed the matter and the materials were not available for *in camera* review. 2008 U.S. Dist. LEXIS 21923, *7. The *Flagg* court determined that the plaintiff's subpoena was premature because discovery had recently begun and the plaintiff had yet to explore other avenues of party discovery that may produce the items sought by the subpoena served on the Wayne County Prosecutor and her office. 2008 U.S. Dist. LEXIS 21923, *7. The *Flagg* court therefore quashed the subpoena without prejudice so that Plaintiff could renew efforts to obtain materials from the Wayne County Prosecutor's Office. 2008 U.S. Dist. LEXIS 21923, *7.

The MSP argues that the circumstances herein are similar to the circumstances in *Flagg*, thus this Court should quash the October 4, 2017 subpoena. In support of its present motion, the MSP includes an affidavit from Matthew H. Penny, an attorney employed with the Wayne County Prosecutor's office. *See* Mot., Ex. 3 at Pg ID 258. Mr. Penny states that he has been assigned to assist the MSP and the Detroit Police Department in the investigation of Damon

Grimes' death on August 26, 2017. *Id.* Mr. Penny opines that the release of "statements and reports of the civilian and police witnesses" to the public "would be harmful to the ongoing investigation and any subsequent prosecution or prosecutions." *Id*.

Plaintiff opposes the MSP's request to quash the subpoena, arguing that the MSP has failed to meet its heavy burden to show that quashing the subject subpoena is warranted. Plaintiff complains that the MSP fails to address all ten of the *Frankenhauser* factors. Rather, the MSP relies on the fact that the *Flagg* court only considered four factors when it concluded that it would quash the subpoena served on the Wayne County Prosecutor's office.

Looking to the *Frankenhauser* factors, the Court finds the following:

**(1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information**. The MSP does not address this factor, nor is there any evidence before the Court suggesting that disclosure of the sought material will discourage citizens to provide information to the Government. This factor weighs in favor of Plaintiff.

**(2) The impact upon persons who have given information of having their identities disclosed.** The MSP likewise has not addressed this factor and there is no evidence before the Court that

persons who have given information to the Government will be adversely affected by disclosure of the information sought by Plaintiff's subpoena.

**(3) The degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure.** Again the MSP fails to address this factor and there is nothing before the Court to suggest that government self-evaluation will be chilled by disclosure.

**(4) Whether the information sought is factual data or an evaluative summary.** The MSP also fails to address this factor. It appears that the information sought by the October 4, 2017 subpoena is factual in nature and not evaluative. Moreover, the privilege "protects only suggestions, advice, recommendations and opinions, rather than factual and investigatory reports, data and surveys in government files." *Leggett & Platt*, 542 F.2d at 658 n.4. This factor favors the Plaintiff's position.

**(5) Whether the party seeking the discovery is an actual or potential defendant in any criminal proceedings either pending or reasonably likely to follow from the incident in question.** The MSP likewise fails to address the fifth factor. Here, the party seeking

discovery from the MSP is not a potential defendant. This factor also favors the Plaintiff's position.

**(6) Whether the police investigation has been completed.** The MSP claims that an investigation into the incident on August 26, 2017 is ongoing and that release of any information related to this investigation will be harmful. While this factor appears to favor the MSP's position, the Court notes that the MSP has failed to offer any particularized explanation as to why release of this information will harm the ongoing investigation. Additionally, the MSP originally agreed to produce the subject information, albeit with an astronomical price tag, thus its reliance on the ongoing investigation seems suspect.

**(7) Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation.** While the MSP fails to address this factor, there is some evidence in the record to suggest that at least two officers involved in the August 26, 2017 incident have been suspended.

**(8) Whether the plaintiff's suit is non-frivolous and brought in good faith.** Plaintiff's suit is not frivolous and it has been brought in good faith.

**(9)  Whether the information sought is available through other discovery or from other sources.**   The MSP suggests that Plaintiff has other avenues for obtaining the information sought by the subpoena.   However, this is inaccurate because the only defendant herein is Bessner, and he will not have access to any of the requested materials.  This factor favors the Plaintiff.

**(10) The importance of the information sought to the plaintiff's case.**   There can be no question that the requested materials are relevant here.  In fact, Penny has opined that video evidence from the scene is highly relevant.

Lastly, Plaintiff further argues that it is not seeking documents from the Wayne County Prosecutor's office, thus there will be no interference with the prosecution's decision making.  Based on the foregoing considerations, the Court will deny the MSP's request to quash the subpoena as to items numbered 1-10, and 12-14 on Schedule A to the subject subpoena.  Item number 11, which seeks the personnel files, disciplinary and employment files for Bessner and any other officer who has been suspended as a result of the August 26, 2017 incident, should be produced for *in camera* review by this Court.

**B.    Stay of Proceedings**

Additionally, the MSP requests that the instant proceedings be stayed pending the outcome of the criminal investigation and any related criminal charges and proceedings.  This request will be granted in part.  The Court will stay the instant proceedings until December 31, 2017.

The Court has the discretion to stay civil proceedings pending the outcome of parallel criminal proceedings.  *Landis v. No. Am. Co*., 299 U.S. 248, 254-55 (1936).  In determining whether to grant a stay, courts typically consider the following factors:  (1) the extent to which the issues in the civil and criminal proceedings overlap; (2)  the status of the criminal proceedings; (3)  the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4)  the hardship on the defendant; (5)  the convenience of both the civil and criminal courts; and (6) the interests of the public and third parties.  *In re Scrap Metal Litigation*, No. 02-0844, 2002 WL 31988168, at *2 (N.D. Ohio Nov. 7, 2002).

As to the first factor, whether there is overlap in issues between the civil and criminal proceedings, Bessner has not been charged with any offense.  Thus, there is no overlap at this juncture.  However, if Bessner is indicted, there may be issues that overlap between the civil and criminal proceedings.

The second factor weighs in favor of denying a stay. "In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted, whereas pre-indictment requests for a stay as in this case, are usually denied." *Chao v. Fleming*, 498 F. Supp.2d 1034, 1037 (W.D. Mich. Jul. 6, 2007). Here, there is no certainty that charges will be brought against Bessner. The MSP argues that a stay may be appropriate even before charges are filed and that numerous issues are sure to arise if this matter is permitted to proceed while the investigations are ongoing. The MSP relies on the Federal Rules of Criminal Procedure and Michigan's Rules of Criminal Procedure to suggest that allowing this matter to proceed will somehow run afoul of these rules. None of the cited rules are applicable however because there are no ongoing criminal proceedings.

As to the prejudice factor, "absent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in her efforts to diligently proceed to sustain her claim." *Birge v. Dollar Gen. Corp.*, No. 04-2531, 2005 U.S. Dist. LEXIS 36835, * (W.D. Tenn. Dec. 14, 2005)(quoting *Hicks v. City of New York*, 268 F. Supp.2d 238, 241(E.D.N.Y. 2003)). Because there have been no charges brought against Bessner, and such charges are only a possibility, an indefinite stay is inappropriate and prejudicial to the Plaintiff's claims. Moreover, this Court "has an obligation to move its docket, and not let cases languish before it." *In re Scrap Metal Litigation*,

2002 WL 31988168, at *7. Based on the foregoing considerations, the Court will grant the MSP's request for a stay in part and will stay the instant proceedings until December 31, 2017.

## IV. CONCLUSION

.       Accordingly, Non-Party State of Michigan's and the Michigan State Police's Motion to Quash Plaintiff's October 4, 2017 Subpoena is DENIED and Non-Party State of Michigan's and the Michigan State Police's Motion to Stay this Action [#19] is GRANTED IN PART.

This matter is STAYED until December 31, 2017.

SO ORDERED.

Dated:  November 28, 2017                    /s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 28, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk