UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MONIQUE GRIMES, as Personal
Representative of the Estate of
Damon Grimes, deceased,

    Plaintiff,

v

TROOPER MARK BESSNER,
and TROOPER ETHAN
BERGER,

    Defendants.

No. 2:17-cv-12860
Consolidated with No. 2:17-cv-13580

HON. GERSHWIN A. DRAIN

MAG. ELIZABETH A. STAFFORD

___

Geoffrey N. Fieger (P30441)
Gina U. Puzzuoli (P37992)
James J. Harrington IV (P65351)
Danielle L. Dezbor (P79488)
Fieger, Fieger, Kenney &
Harrington, P.C.
Attorneys for Plaintiff
19390 West 10 Mile Road
Southfield, MI 48075
248.355.5555

Mark E. Donnelly (P39281)
John G. Fedynsky (P65232)
Joseph T. Froehlich (P71887)
Assistant Attorneys General
Attorneys for SOM and MSP
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI 48909
517.373.6434

___

**PROTECTIVE ORDER REGARDING
DISCOVERY PRODUCED BY THE STATE OF MICHIGAN
AND THE MICHIGAN STATE POLICE**

IT IS ORDERED, that the production of any discovery by the State of Michigan and the Michigan State Police, whether produced voluntarily or pursuant to court order, will be subject to the following protective conditions:

1. The discovery involved may contain, in part, confidential and/or privileged information regarding the individual Defendants, other individuals, and/or policies, procedures, of the Michigan Department of State Police, and that the dissemination of said materials may hinder the ability of the Department to conduct ongoing investigations or assist current or future prosecutions.

2. The information derived from this discovery shall be used solely and exclusively for purposes of this lawsuit. Such information shall not be used in or for other cases, proceedings or disputes, or for any other purpose whatsoever.

3. The aforementioned materials may not be disclosed to any person other than parties, counsel of record for the respective parties to this litigation, the paralegal and clerical staff of same, expert witnesses or consultants engaged by counsel, and the court and court personnel, under such safeguards as the court may direct so as to preserve and to protect the confidentiality of information made reference to herein. Should the materials be quoted/paraphrased in any pleading, brief, or other legal document that will become a part of the court file in this case, said pleading, brief or other legal document shall be submitted to the Court under seal so as not to become a part of any public record.

4. All the persons to whom this confidential information and/or documents are disclosed are hereby enjoined from using the same except in connection with this litigation (under such safeguards as the court may require) and from disclosing the same to any other person except where a party knowingly provides the disclosure to any witness. A breach of the provisions of this order shall

be subject to appropriate sanctions, in the discretion of the court, as authorized by any statute, rule or the inherent power of the court, or as otherwise provided by law.

5. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation unless otherwise ordered by this Court.

6. The production of discovery subject to this protective order does not constitute an admission or agreement that any document or information is admissible as evidence in this case.

7. Necessary modification of this order may be sought by stipulation or by motion to the Court upon a showing of good cause.

8. Notwithstanding the above, the social security numbers of any person shall not be furnished to Plaintiff.

9. **Procedure upon termination of this action:** 60 days after the termination of this action by order or judgment, or by an appellate mandate if appealed, the material submitted under seal pursuant to this protective order will be unsealed and placed in the public case file, unless counsel present a proposed order directing the Clerk's Office to return them to the parties responsible for their submission. An order for the return of protected documents to the parties or attorneys who submitted them shall require counsel to maintain one archival copy of depositions, exhibits, transcripts, court exhibits and transcripts, and documents and information included in submissions to the court.

SO ORDERED.

Dated: March 29, 2018              /s/Gershwin A. Drain
                                   GERSHWIN A. DRAIN
                                   United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 29, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk