# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MONIQUE GRIMES, as Personal
Representative of the Estate of
DAMON GRIMES, Deceased,

      Plaintiff,

v

 

TROOPER MARK BESSNER and
TROOPER ETHAN BERGER,

      Defendants.

Case No. 17-cv-12860
Hon. Gershwin A. Drain
*consolidated with*
Case No. 17-cv-13580

---

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | MARK E. DONNELLY (P39281) |
| JAMES J. HARRINGTON, IV (P65351) | JOSEPH T. FROEHLICH (P71887) |
| GINA U. PUZZUOLI (P37992) | JOHN F. FEDYNSKY (P65232) |
| Fieger, Fieger, Kenney & Harrington, P.C. | Assistant Attorneys General |
| Attorneys for Plaintiff | Attorneys for Trooper Ethan Berger |
| 19390 West 10 Mile Road | Civil Litigation, Employment & |
| Southfield, MI 48075 | Elections Division |
| (248) 355-5555 | P.O. Box 30736 |
| | Lansing, MI  48909 |
| | (517) 373-6434 |

---

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A
## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff MONIQUE GRIMES, Personal Representative

of the Estate of DAMON GRIMES, deceased, by and through her attorneys,

*Fieger, Fieger, Kenney & Harrington, P.C.,* and respectfully requests that this

Honorable Court grant her leave to file a Second Amended Complaint.

Through this amendment, Plaintiff seeks to accomplish the following: (1)

formally merge the proceedings into a singular 'master complaint'; (2) add newly discovered claims against Trooper Berger and Trooper Bessner, including claims of conspiracy, assault, and battery and claims for violation of 42 U.S.C. § 1985; and (3) add Sergeant Jacob Liss as a party defendant based on evidence that he too conspired to violate Damon Grimes' civil rights.

Plaintiff's proposed Second Amended Complaint is attached as Exhibit A. As address in the attached Brief in Support, various entities, including the Michigan State Police, have recently produced thousands of pages of documents that establish that Trooper Bessner, Trooper Berger, and Sgt. Liss conspired to, and did, violate the constitutional rights of Damon Grimes, causing his death on August 26, 2017. In addition to Plaintiff's claims against these individuals pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for their violation of Damon Grimes' civil rights under the Fourth and Fourteenth Amendment, Plaintiff seeks to amend her complaint to include state law claims for assault, battery, and conspiracy. As addressed in the Brief in Support, Plaintiff's requested amendment is consistent with Fed. R. Civ. P. 15(a) and this Court's inherent authority to manage it docket.

WHEREFORE, Plaintiff MONIQUE GRIMES, as Personal Representative of the Estate of DAMON GRIMES, deceased, respectfully requests that this Court GRANT this motion and (1) allow Plaintiff leave to file the Second Amended Complaint attached as Exhibit A and (2) issue a summons against Sergeant Jacob Liss.

Respectfully submitted,

**Fieger, Fieger, Kenney & Harrington, P.C.**

Dated:  May 15, 2018          _/s/ Geoffrey N. Fieger_

GEOFFREY N. FIEGER (P30441)
JAMES H. HARRINGTON (P65351)
GINA U. PUZZUOLI (P37992)
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI  48075

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## IN THE SOUTHERN DIVISION

MONIQUE GRIMES, as Personal
Representative of the Estate of
DAMON GRIMES, Deceased,

     Plaintiff,

v                            Case No. 17-cv-12860
                              Hon. Gershwin A. Drain

TROOPER MARK BESSNER and
TROOPER JOHN DOE,
Individually,

     Defendants.

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | MARK E. DONNELLY (P39281) |
| JAMES J. HARRINGTON, IV (P65351) | JOSEPH T. FROEHLICH (P71887) |
| GINA U. PUZZUOLI (P37992) | JOHN F. FEDYNSKY (P65232) |
| DANIELLE L. DEZBOR (P79488) | Assistant Attorneys General |
| Fieger, Fieger, Kenney & Harrington, P.C. | Attorneys for SOM and MSP |
| Attorneys for Plaintiff | Civil Litigation, Employment & |
| 19390 West 10 Mile Road | Elections Division |
| Southfield, MI 48075 | P.O. Box 30736 |
| (248) 355-5555 | Lansing, MI  48909 |
| | (517) 373-6434 |

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## A SECOND AMENDED COMPLAINT

NOW COMES Plaintiff MONIQUE GRIMES, as personal representative of the Estate of DAMON GRIMES, deceased, by and through her attorneys, *Fieger, Fieger, Kenney & Harrington, P.C.* and respectfully requests that this Honorable Court grant her Motion for Leave to File a Second Amended Complaint, which is attached as Exhibit A.

## STATEMENT OF RELEVANT FACTS

I.    *Relevant Procedural History*

The facts underlying this tragedy began on August 26, 2017. Damon Grimes was tragically killed while riding his ATV when a taser was deployed directly at him by Defendant Trooper Mark Bessner who was in a moving patrol vehicle being driven by Defendant Trooper Ethan Berger. After his body was shocked, Damon Grimes was propelled into the rear end of a vehicle. Damon subsequently died from his injuries.

On August 30, 2017, Plaintiff filed her complaint against Trooper John Doe alleging a violation of Damon Grimes' constitutional rights, specifically civil rights protected by the Fourth and Fourteenth Amendments. (Dkt No. 1) Shortly thereafter, on September 20, 2017, Plaintiff filed her First Amended Complaint against Trooper Mark Bessner

and Trooper John Doe asserting allegations similar to those raised in the original complaint. (Dkt No. 2)

As further information became known, on November 1, 2017, Plaintiff filed a separate action against Trooper Ethan Berger, the driver of the patrol vehicle. That case was designated as Case No. 5:17-cv-13580 and assigned to Your Honor. In an effort to best manage these related proceedings, this Court consolidated these cases through an order issued on February 23, 2018. (Dkt. No. 49).

With the cases consolidated, the parties were in a position to begin discovery. Various subpoenas and other document requests were submitted to multiple entities seeking information regarding Damon's death. A Protective Order was then issued on March 23, 2018, regarding certain documents Plaintiff requested from the State of Michigan in relation to the events of this case. (Dkt. No. 52). Days later, this Court issued a scheduling order in this matter. (Dkt No. 53)

With the protective order in place, on March 29, 2018, the State of Michigan and Michigan State Police produced over 56,000 pages of records/documents to Plaintiff by First Class Mail. It is the information learned from those documents that forms the basis of this motion.

II. *Plaintiff's Second Amended Complaint*

Attached as Exhibit A is Plaintiff's Second Amended Complaint. Through this amendment, Plaintiff seeks to accomplish the following: (1) formally merge the proceedings into a singular 'master complaint'; (2) add newly discovered claims against Trooper Berger and Trooper Bessner, including claims of conspiracy, assault, and battery and claims for violation of 42 U.S.C. § 1985; and (3) add Sergeant Jacob Liss as a party defendant based on evidence that he too conspired to violate Damon Grimes' civil rights.

The information contained within the documents recently produced by the State of Michigan and the Michigan State Police form the factual basis for Plaintiff's requested amendment. These documents include various policies and procedures of the Michigan State Police as well as various documents related to disciplinary proceedings initiated against these individuals. In light of the protective order, Plaintiff cannot detail those documents in this motion, but can produce them at oral argument for the Court's review. This newly-discovered information supports claims for assault, battery, and civil conspiracy against Trooper Ethan Berger and

Trooper Mark Bessner. This newly-discovered information also support a claim of civil conspiracy against Sergeant Jacob Liss.

As to Sgt. Liss, the documents produced reveal that he intentionally and actively participated in covering-up the actions of Trooper Mark Bessner and Trooper Ethan Berger. He did this by failing to report to commanders and/or investigators that a taser had been deployed during the pursuit, tampering with evidence, and failing to report to commanders and/or investigators that Trooper Bessner used excessive force on Damon Grimes. The limited discovery completed thus far reveals that Sgt. Jacob Liss did not advise anyone, including commanders and/or investigators, that he concealed, spoiled, destroyed and/or discarded the taser wire(s), a critical piece of evidence. It is believed that his actions were undertaken to deprive Damon Grimes and his estate of rights and privileges protected by 42 U.S.C. § 1985(3) and were based on racial bias or class-based animus.

Plaintiff's Second Amended Complaint alleges that Trooper Bessner, Trooper Berger, and Sgt. Liss, together by their concerted actions, falsified, destroyed, spoiled, and concealed evidence of the use of the taser and acted in manner in which to commit and accomplish unlawful acts, resulting in the deprivation of Damon Grimes' constitutional rights, including a deprivation of Due Process otherwise protected by 42 U.S.C. § 1985. Like

the actions of Sgt. Liss, it is believed that Trooper Bessner and Trooper Berger were motivated by racial bias or class-based animus.

The documents recently produced by the State of Michigan also support a claim against Defendants and Sgt. Jacob Liss for conspiring to deprive Damon Grimes and his estate of other constitutional rights. These constitutional violations relate to their failure to immediately render first aid to Damon Grimes; intentionally discarding the taser wire from the taser used to commit excessive force upon Damon Grimes; failing to report to supervisors and/or investigators the use of a taser, the use of excessive force and the destruction, spoliation and concealment of the taser wire used in the excessive force upon Damon Grimes; falsifying reports; and failing to truthfully answer questions by superiors and/or investigators.

The newly-discovered evidence further demonstrates how Defendants Trooper Mark Bessner and Trooper Ethan Berger, together in a concerted effort, committed assault and battery against Damon Grimes. The acts taken by Defendants Trooper Mark Bessner and Trooper Ethan Berger were not undertaken in good faith and were not discretionary.

## <u>LEGAL ARGUMENT</u>

**JUSTICE REQUIRES THAT THIS HONORABLE COURT GRANT PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT.**

Fed. R. Civ. P. 15(a)(2) provides that a party may amend their complaint with either the opposing party's written consent or leave of the Court. Whether a party should be granted leave to amend their pleadings is generally a matter left to the discretion of the court. Fed. R. Civ. P. 15 provides that leave to amend should be freely given when justice so requires. The general principles underlying Fed. R. Civ. P. 15(a) were discussed by the Supreme Court in *Foman v. Davis,* 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182. *Foman's* analysis has been favorably adopted by the Sixth Circuit. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir.1980), *Brown v. Chapman*, 814 F.3d 436 (6th Cir. 2016).

Because Rule 15(a)(2) directs courts to "freely give leave when justice so requires," the rule embodies a "liberal amendment policy." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). This liberal amendment policy favors leave being granted in this case. Here, none of the reasons articulated in *Forman* exist in this case and, as such, the requested amendments should be allowed. Plaintiff only recently learned of the factual basis for the added claims. Plaintiff also only recently learned of the factual basis warranting Sgt. Liss being added to this action.

It should also be noted that granting leave to amend will not result in prejudice to any defendant. Discovery has just begun. Defendant Bessner has not even appeared in this case. As previously stated, Plaintiff received the requested documents from the State within the last 30 days.

The applicable law also supports Plaintiff's requested amendment. The Seventh Circuit provided the following analysis of civil conspiracy in *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984), *overruled on other grounds* 414 F.3d 783 (7th Cir. 2005): "A plaintiff seeking redress for civil conspiracy need not prove that each participant in conspiracy knew 'the exact limits of illegal plan or identity of all participants therein.' An express agreement among all conspirators is not a necessary element of civil conspiracy. The participants in the conspiracy must share the general

8

conspiratorial objective, but they need not know all the details of the plan designed to achieve the objective or posses the same motives for desiring the intended conspiratorial result. To demonstrate existence of a conspiratorial agreement, it simply must be shown that there was 'a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences.'" *Id.* at 1255 quoting *Hampton v. Hanrahan,* 600 F.2d 600, 620-621 (7th Cir. 1979) (internal citations omitted)

Applicable state law also supports Plaintiff's claims of conspiracy. The essential elements of a civil conspiracy are: (1) a concerted action (2) by a combination of two or more persons (3) to accomplish an unlawful purpose (4) or a lawful purpose by unlawful means. *Fenestra, Inc. v. Gulf American Land Corp.,* 377 Mich. 565, 593, 141 N.W.2d 36 (1966), see also *Veriden v. McLeod,* 180 Mich. 182, 146 N.W. 619 (1914). In addition, at the core of an actionable civil conspiracy is a question of damages. This facet of the law of conspiracy is accurately summarized in the case of *Roche v. Blair,* 305 Mich. 608, 613- 614, 9 N.W.2d 861 (1943): "The law is well established that in a civil action for damages resulting from wrongful acts alleged to have been committed in pursuance of a conspiracy, the gist or gravamen of the action is not the conspiracy but is the wrongful acts

9

causing the damages. The conspiracy standing alone without the commission of acts causing damage would not be actionable. The cause of action does not result from the conspiracy but from the acts done." In the case of *Auto Workers' Temple Ass'n v. Janson,* 227 Mich. 430, 433, 198 N.W. 992 (1924), "the point is made more succinctly: the foundation of the action is the damage and not the conspiracy."

Here, Plaintiff's claims are supported by newly-discovered information establishing that Defendants Trooper Ethan Berger and Trooper Mark Bessner intentionally and willfully conspired together and with Sgt. Liss, in an attempt to cover-up their egregious acts committed against Damon Grimes. These allegations are proven by several documents provided by the Attorney General's Office. In light of the protective order issued in this action, Plaintiff cannot expound upon the specific records that she is relying on in the body of this Brief, however, she can provide those documents to the Court at oral argument.

In light of the newly-discovered evidence suggesting that Defendants Trooper Mark Bessner, Trooper Ethan Berger, and Sgt. Jacob Liss, together by their concerted actions, conspired to falsify, destroy, spoil, and conceal evidence of the use of the taser (and the taser wire) by acting in a manner in which to commit civil conspiracy and accomplish unlawful acts resulting

10

in the deprivation of Mr. Grimes' civil rights, including a deprivation of Due Process, leave to amend is appropriate.

Furthermore, the racial bias and class-based animus that likely fueled their conspiracy to deprive Damon Grimes and his estate of rights and privileges protected by law is sufficient for Plaintiff to assert a claim pursuant to 42 U.S.C. § 1985(3). The documents produced support Plaintiff's claims against Defendants and Sgt. Jacob Liss  for conspiring to not immediately render first aid to Damon Grimes; intentionally discarding the taser wire from the taser used to commit excessive force upon Damon Grimes; failing to report to supervisors and/or investigators the use of a taser and the use of excessive force; the destruction, spoliation and concealment of the taser wire used in the excessive force upon Damon Grimes; falsifying reports; and failing to truthfully answer questions by superiors and/or investigators.

The facts and law also support Plaintiff's claims for assault and battery. "A battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person. It is not necessary that the touching cause an injury." *Lakin v. Rund*, 318 Mich. App. 127, 131, 896 N.W.2d 76 (2016), *leave den.* 500 Mich. 985 (2017).

An assault, by contrast, is an incomplete battery. "The intent needed for an assault is the intent to commit a battery or an intent to create in the victim a reasonable fear or apprehension of an immediate battery." *Mitchell v. Daly*, 133 Mich. App. 414, 426, 350 N.W.2d 772 (1984). Thus, the tort of assault can be established in two ways: the plaintiff can either be placed in reasonable fear of an impending battery or a battery is committed against the plaintiff.

"Because an attempt to commit a battery will establish an assault, every battery necessarily includes an assault because a battery is the very consummation of the assault. While the common law did not require proof of intent, Michigan requires proving the intent to injure in order to establish an assault and battery. The intent of the defendant may be established by circumstantial evidence." *Lakin*, 318 Mich. App. at 131 (cleaned up).

From the facts known, Plaintiff has actionable claims for assault and battery against Trooper Mark Bessner and Trooper Ethan Berger. These Defendants caused Damon Grimes to be subjected to involuntary, unnecessary, and unwanted contact. As a direct and proximate cause of the assault and battery committed by Defendants, Plaintiff sustained injuries and ultimately death. The actions taken by Trooper Mark Bessner and

12

Trooper Ethan Berger were not undertaken in good faith and were not discretionary.

## CONCLUSION[1]

For the reasons stated above, Plaintiff MONIQUE GRIMES, as Personal Representative of the Estate of DAMON GRIMES, deceased, respectfully requests that this Court GRANT this motion and (1) allow Plaintiff leave to file the Second Amended Complaint attached as Exhibit A and (2) issue a summons against Sergeant Jacob Liss.

Respectfully submitted,

*/s/ Geoffrey N. Fieger* _____
GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON IV (P65351)
GINA U. PUZZUOLI (P37992)
Fieger, Fieger, Kenney & Harrington PC
Dated:  May 15, 2018          Attorneys for Plaintiff

---

[1]   Pursuant to the E.D. Mich. L. R. 7.1, Plaintiff's counsel sought concurrence from all counsel or parties appearing in this action and concurrence has not been provided. Defendant Bessner has not appeared in this case at the present time and could not be reached for concurrence.

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

<u>/s/: Samantha M. Teal</u>
**Legal Assistant to Geoffrey N. Fieger**

14