UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

**MONIQUE GRIMES,** as Personal
Representative of the Estate of **DAMON
GRIMES,** Deceased,

         Plaintiff,

v

**MARK BESSNER** and **ETHAN
BERGER,**

        Defendants.

Case No.  2:17-cv-12860
Consolidated with 2:17-cv-13580

Honorable Gershwin A. Drain
Magistrate Judge Elizabeth A. Stafford

---

**AMICUS CURIAE
MICHIGAN STATE POLICE TROOPERS
ASSOCIATION (MSPTA)
STATEMENT OF POSITION
ON MOTION TO WITHDRAW
BY DEFENDANT BERGER'S ATTORNEYS**

---

   This case involves a lawsuit alleging various counts of civil liability against the

Defendants Mark Bessner and Ethan Berger arising out of the death of Damon Grimes on

August 26, 2017. It is undisputed that both Defendants were employed as Troopers by the

Michigan State Police and were on duty in a Michigan State Police patrol car at the time of the

events giving rise to this lawsuit. On August 26, 2017, both Troopers were members of the

Michigan State Police Troopers Association (the "MSPTA"), their labor association.

   This lawsuit was filed on or about September 20, 2017, at a time when both Defendants

remained employees in good standing with the Michigan State Police (although each was on

administrative leave pending criminal investigation of their activities leading up to the death of

Damon Grimes.)

## I.        Representation Issue Affecting Mark Bessner

Trooper Bessner voluntarily resigned his position as a State Police Trooper after this lawsuit was filed against him and a copy of the lawsuit provided to the Michigan State Police. On or about December 22,2017, serious criminal charges were filed against Bessner arising out of the incident of the incident (i.e., 2nd Degree Murder, 2 Counts Manslaughter).

On February 7, 2017, Bessner and the MSPTA learned through a newspaper article that Bessner was not being represented in the pending civil suit by the Office of the Attorney General or by a lawyer appointed by the Department of State Police. On the same day, the MSPTA filed a grievance under its collective bargaining agreement challenging the Department's refusal to provide Bessner with representation in this civil case.  The grievance was denied by the Department, and the matter has been referred to binding arbitration.

Given the very serious criminal charges against Bessner, and the assumption by the MSPTA that a stay of these civil proceedings would be sought and granted by Bessner, and given further the fact that Bessner would be required to testify on his behalf in any arbitration proceeding but would certainly invoke his Fifth Amendment right against self-incrimination during the pendency of the criminal case, the MSPTA advised Bessner that it intended to refrain from scheduling an arbitration hearing on the representation issue until after the resolution of the criminal case.  Moreover, since the outcome of the criminal case would almost certainly affect the outcome of the grievance arbitration, the MSPTA concluded that it would not be appropriate to arbitrate the case until after the criminal case was resolved. As of this date, the grievance remains in queu for arbitration, but an arbitration date is not being requested from the assigned arbitrator until resolution of the criminal case.  Certainly, a conviction of second degree murder could affect the MSPTA's decision to proceed to arbitration.  Conversely, an acquittal would greatly strengthen the case and could lead to productive settlement negotiations

on the merits of the grievance which could obviate the need for arbitration.

The MSPTA  learned on June 1, 2018 that a stay has not been granted in the civil proceedings involving Bessner because neither Bessner nor his attorney in the criminal case have sought a stay. The MSPTA does not represent Bessner in the criminal case, nor does it represent him in this civil case.   Under the circumstances presented to the Court, the MSPTA unfortunately has no standing, and can only express its hope that the Court will *sua sponte* stay the civil proceedings against Bessner since it is not reasonable to expect that he would give up his Fifth Amendment privilege during discovery in this civil case, or during an arbitration of his representation case, while his criminal case remains pending.

## II.    Representation Issue Affecting Ethan Berger

Trooper Ethan Berger was not charged with criminal conduct arising out of the death of Damon Grimes. The Office of the Attorney General entered an appearance on behalf of Berger shortly after this lawsuit was filed and has defended Berger since that time.

The Michigan State Police has recently conducted an internal affairs investigation of Berger's conduct in the case, however, and has now proposed his termination from employment as of March 20, 2018. The MSPTA has grieved that disciplinary action, and the matter is currently scheduled for binding arbitration on June 18, 2018. An arbitrator could potentially do one of three things: (1) uphold the termination of employment; (2) find that misconduct was committed which warrants a disciplinary action less than termination; or (3) find that no misconduct was committed and set aside the proposed discipline in its entirety.

Thereafter, on April 30, 2018, the MSPTA was notified that it was directing the Attorney General to withdraw from representing Tpr. Ethan Berger. Upon learning of the determination to withdraw legal representation from Trooper Berger, the MSPTA filed a grievance challenging that action later on the same day, on April 30, 2018.

On or about May 2, 2018, the Office of the Attorney General filed a motion to withdraw as Berger's attorney in this case, presumably as directed by the Michigan State Police. The motion is scheduled for argument on June 5, 2018.

In an effort to obtain a prompt resolution of the representation issue involving Trooper Berger, the MSPTA and the Michigan State Police have agreed to combine the grievance arbitration hearing involving the termination of Trooper Berger and the grievance arbitration hearing challenging the withdrawal of representation of Trooper Berger into a single arbitration hearing. As mentioned above, the combined arbitration hearing is scheduled to occur on June 18, 2018.

Assuming that all proofs are submitted in a single day (which is expected), it is typical for the arbitrator to establish a briefing schedule of approximately 30 days to 45 days, depending upon the schedules of the advocates and arbitrator. Once briefs have been submitted, the arbitrator is required to render a written opinion within 30 days. Because the arbitrator is being asked to rule on two separate and distinct issues, the arbitrator could conceivably request an extension of time up of another 30 days.

In any event, it is likely that a final arbitration award would be issued by October 1, and perhaps as early as mid-August in a best case scenario. Arbitration awards are not appealable and are final and binding.

Respectfully, the MSPTA urges this Court to hold the Attorney General's motion to withdraw as attorney for Ethan Berger in abeyance until a final arbitration award is rendered in the Berger case. The MSPTA will account to this Court as directed about the status of the arbitration and the final result.

The MSPTA is unaware whether pleadings have been finalized or if the Plaintiff intends to amend her complaint or add additional parties or theories of recovery. The MSPTA is

unaware whether this case will required extensive discovery or be ready for trial in a very short time.

But here is the dilemma for the Court's consideration. If the Court allows the Attorney General to withdraw now, and Ethan Berger (who is fighting to retain his employment, let alone legal representation in this case) goes without representation for the next three months (and does nothing constructive to assist in his defense because he is not represented), he could obviously harm his case by neglecting to comply with an order of the court or a court rule.  If an arbitrator rules that the Attorney General must resume its representation three months from now, how does the Attorney General undue the mistakes that would never have occurred if Berger had enjoyed continuous representation by the Attorney General?

Similarly, if an arbitrator rules that Berger is not entitled to continued representation sometime in August or September, how is the State of Michigan harmed merely because it continued to represent him until that time?

## III.    Summary of MSPTA Position

The MSPTA respectfully suggests that the Court should choose the "path of least regrets."  The Court should take the motion of the Attorney General to withdraw from this case under advisement pending receipt of an arbitration award in the next few months which conclusively establishes the responsibility of the Attorney General in this case going forward to either represent or cease to represent Ethan Berger. That arbitration award will guide the Court conclusively.

The undersigned lawyer intends to appear at the June 5, 2018 hearing on behalf of the Michigan State Police Troopers Association to respond to any questions that the Court may have or provide any requested documentation.

Respectfully submitted,

**MICHIGAN STATE POLICE TROOPERS
ASSOCIATION**

DATED:      June 3, 2018      By Its Attorney,

 S/Lawrence P.  Schneider          
Lawrence P. Schneider (P27325)
7521 Westshire Drive, Suite 100
Lansing, Michigan 48917
Phone: 517-622-0590 / Fax: 517-622-8463
larry@kblawpc.com

*Preferred contact information for this case:*
Michigan State Police Troopers Association
1715 Abbey Road, Ste B
East Lansing, Michigan 48823
Phone: 517-336-7782 / Fax: 517-336-8997
larrys@mspta.net

Cell phone: (517) 881-6421

## CERTIFICATE OF SERVICE

      I hereby certify that on the date indicated below, I electronically filed this paper with the Clerk of the Court using the ECF system, which will send notification of such filing to each of the attorneys of record in this case.

Dated: June 3, 2018               s/ Lawrence P. Schneider   (P27325)