## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MONIQUE GRIMES, as Personal
Representative of the Estate of
DAMON GRIMES, Deceased,

     Plaintiff,                Case No. 17-cv-12860

v                           Hon. Gershwin A. Drain
                             *consolidated with*

TROOPER MARK BESSNER,      Case No. 17-cv-13580
TROOPER ETHAN BERGER, and
SGT. JACOB LISS,

     Defendants.

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | MARK E. DONNELLY (P39281) |
| JAMES J. HARRINGTON, IV (P65351) | JOHN F. FEDYNSKY (P65232) |
| GINA U. PUZZUOLI (P37992) | Assistant Attorneys General |
| Fieger, Fieger, Kenney & Harrington, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiff | Civil Litigation, Employment & |
| 19390 West 10 Mile Road | Elections Division |
| Southfield, MI 48075 | P.O. Box 30736 |
| (248) 355-5555 | Lansing, MI 48909 |
| | (517) 373-6434 |

## PLAINTIFF'S SECOND AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

    NOW COMES, Plaintiff, MONIQUE GRIMES, as Personal Representative

of the Estate of DAMON GRIMES, by and through her attorneys, FIEGER,

FIEGER, KENNEY & HARRINGTON, P.C., and for her Second Amended

Complaint and Jury Demand against the above named Defendants states as

follows:

## JURISDICTION

1.     This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985 and 1988, and under the statutes and common law of the State of Michigan.

2.     This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 42 U.S.C §§ 1983, 1985, 1985(3), and 1988.

3.     This court has supplemental jurisdiction of the Michigan law state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims pursuant to 28 U.S.C. §1367.

4.     The amount in controversy exceeds Seventy-Five Thousand dollars, excluding interests, costs, and attorney fees.

## VENUE

5.     Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C § 1391(d). The events took place in the City of Detroit, County of Wayne, State of Michigan, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

6.     At all times relevant to this lawsuit, Plaintiff's Decedent, DAMON GRIMES, was a resident of the City of Detroit, County of Wayne, State of Michigan.

7.     At all times relevant hereto, MONIQUE GRIMES, was duly appointed as Personal Representative of the Estate of DAMON GRIMES by the Wayne County Probate Court, Case #2017-830785-DE, Honorable Lawrence Puolucci, presiding.

8.     At all times relevant hereto, TROOPER MARK BESSNER, was a citizen of the State of Michigan and was acting in his individual capacity and under the color of state law within the course and scope of his employment as a State Trooper for the State of Michigan.

9.     At all times relevant hereto, Defendant, TROOPER ETHAN BERGER, was a citizen of the State of Michigan and was acting in his individual capacity and under the color of state law within the course and scope of his employment as a State Trooper for the State of Michigan.

10.    At all times relevant hereto, Defendant, SGT. JACOB LISS, was a citizen of the State of Michigan and was acting in his individual capacity and under the color of state law within the course and scope of his employment as a State Trooper for the State of Michigan.

## FACTUAL STATEMENT

11.    Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

12.    On or about August 26, 2017, at around 5:30 p.m., DAMON GRIMES, who was 15 years old, was operating an all-terrain vehicle [hereinafter,

"ATV"] east on Rossini, near Gratiot Avenue, in the City of Detroit, State of Michigan.

13.    At all times relevant hereto, Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER began to pursue DAMON GRIMES and did so in a manner in direct violation of the laws of the State of Michigan and/or policies and procedures of the Michigan State Police.

14.    That Defendant, TROOPER ETHAN BERGER, was driving the patrol car and Defendant, TROOPER MARK BESSNER was a passenger therein while in pursuit of DAMON GRIMES, who was merely riding his ATV.

15.    At all times relevant hereto, Defendant, SGT. JACOB LISS had knowledge of the unlawful pursuit of DAMON GRIMES by Defendants TROOPER MARK BESSNER and TROOPER ETHAN BERGER who were acting in direct violation of the laws of the State of Michigan and/or policies and procedures of the Michigan State Police.

16.    At no time did TROOPER MARK BESSNER, TROOPER ETHAN BERGER, or any other law enforcement officer witness DAMON GRIMES commit any violent crime or felony.

17.    At no time did DAMON GRIMES have a weapon or display any object that appeared to be a weapon.

18.    At no time did DAMON GRIMES threaten Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER, and/or any other police officer or individual, in any way.

19.    At no time did DAMON GRIMES pose an immediate threat of harm to Defendants TROOPER MARK BESSNER, TROOPER ETHAN BERGER, or any other law enforcement officer or any other person in the immediate vicinity.

20.    At all times relevant hereto, Defendant, TROOPER MARK BESSNER, deployed his Taser directly at DAMON GRIMES through the open window of a moving patrol vehicle in violation of the United States Constitution and the Michigan State Police policy and/or procedure.

21.    At all times relevant hereto, Defendant, TROOPER ETHAN BERGER, had knowledge that Defendant, TROOPER MARK BESSNER, was going to deploy a Taser directly at DAMON GRIMES through the open window of the moving patrol vehicle in violation of the United States Constitution and the Michigan State Police and/or procedure and even though Defendant, TROOPER ETHAN BERGER had time to stop  the use of the taser and excessive force, he operated the patrol car in such a manner as to assist Defendant, TROOPER MARK BESSNER, with being able to deploy his taser, and thereby failed to stop the use of the taser and in fact, participated in the use of the taser on DAMON GRIMES.

22.     At all relevant times hereto, Defendant, SGT. JACOB LISS was fully aware of Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER'S unconstitutional actions.

23.     At all times relevant hereto, DAMON GRIMES was unlawfully struck with the Taser while in motion on his ATV.

24.     At all times relevant hereto, the electrical force of the Taser caused DAMON GRIMES to lose control of the ATV propelling him into the rear end of another motor vehicle.

25.     At all times relevant, Defendants, TROOPER MARK BESSNER, TROOPER ETHAN BERGER, and   SGT. JACOB LISS, knew   that the application of a Taser to an individual will have the effect of that person losing muscle control and to tase an individual on a moving ATV would be extremely dangerous and an excessive use of force.

26.     At all times relevant hereto, Defendants, TROOPER MARK BESSNER, TROOPER ETHAN BERGER, and Defendant, SGT. JACOB LISS, knew that the application of a Taser upon DAMON GRIMES, who was still in motion on the ATV, posed a substantial risk of death or serious injury to him.

27.     That after shooting DAMON GRIMES with the Taser, Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER, did not immediately stop the patrol vehicle.

28.    That after shooting DAMON GRIMES with the Taser, Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER, committed an unlawful partial road block without the required authority of a shift supervisor and without utilizing the patrol vehicle's emergency lights.

29.    That after shooting DAMON GRIMES with the Taser, Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER, failed to render immediate first aid to the victim DAMON GRIMES.

30.    While at the scene, Defendant, SGT. JACOB LISS, did not report to his supervisors that a taser or that excessive force had been used on DAMON GRIMES.

31.    Defendant, SGT. JACOB LISS, was provided with  a taser wire from the taser used by Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER in the excessive use of force on DAMON GRIMES, and secretly discarded it in a trash can, in an effort to conceal, destroy, and spoil the evidence of the use of a taser and use of excessive force.

32.    Subsequently, Defendant, TROOPER ETHAN BERGER, falsified his report relating to the incident and the use of excessive force on DAMON GRIMES.

33.    At the time, Defendant, TROOPER ETHAN BERGER, knew that criminal offenses had been committed by Defendant, MARK BESSNER, and Defendant, TROOPER ETHAN BERGER, drafted a false police report with the

intent of assisting Defendant, TROOPER MARK BESSNER, in avoiding discovery, arrest, trial, and punishment for the crime that occurred.

34.   Additionally, subsequent to the incident, Defendant, TROOPER ETHAN BERGER, failed to truthfully answer questions by his superiors regarding the incident.

35.   DAMON GRIMES died as a direct and proximate result of the wrongful acts and omissions of Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER.

36.   That as a direct and proximate result of Defendants, TROOPER MARK BESSNER, TROOPER ETHAN BERGER, and SGT. JACOB LISS conspiracy to deprive and interfere with the constitutional rights of Damon Grimes and his estate through their concealment, destruction, and spoliation of the evidence and falsification of the true facts of the incident, the Estate of DAMON GRIMES has sustained permanent and serious injuries.

37.   At all times relevant hereto, Defendant, TROOPER MARK BESSNER, was acting under the color of state law as a State Trooper employed by the State of Michigan and proximately caused DAMON GRIMES injuries at set forth herein.

38.   At all times relevant hereto, Defendant, TROOPER ETHAN BERGER, was acting under the color of state law as a State Trooper employed by

the State of Michigan and proximately caused DAMON GRIMES injuries at set forth herein.

39.    That at all times relevant hereto, Defendant, SGT. JACOB LISS, was acting under the color of state law as a State Trooper employed by the State of Michigan and proximately caused DAMON GRIMES injuries at set forth herein.

**COUNT I**
**42 U.S.C § 1983-EXCESSIVE FORCE AGAINST DEFENDANTS,**
**TROOPER MARK BESSNER AND TROOPER ETHAN BERGER**

40.    Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

41.    At all times relevant hereto, Defendant, TROOPER MARK BESSNER, was acting under the color of state law and in his individual capacity as a State Trooper for the State of Michigan and his acts and/or omissions were conducted within the scope of his official duties and employment.

42.    At all times relevant hereto, Defendant, TROOPER ETHAN BERGER, was acting under the color of state law and in his individual capacity as a State Trooper for the State of Michigan and his acts and/or omissions were conducted within the scope of his official duties and employment.

43.    At all times relevant hereto, as State Troopers acting under the color of law, Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER, were required to obey the laws of the United States, including those

laws identified under the Fourth and Fourteenth Amendments to the United States Constitution.

44.     In    violation    of    DAMON    GRIMES'    clearly    established constitutionally-protected rights to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER, unlawfully used excessive force against DAMON GRIMES, who was 15 years old, thereby causing his untimely death.

45.     Under all the circumstances known to Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER, the physical force used against DAMON GRIMES was objectively unreasonable and clearly excessive.

46.     The misconduct of Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER, directly and proximately caused DAMON GRIMES and members of his estate to suffer numerous injuries and damages and members of his estate will continue to suffer in the future, including but not limited to:

    a. Conscious physical pain and suffering endured by DAMON GRIMES during the time between his injury and death;
    b. Medical and hospital expenses;
    c. Funeral and burial expenses;
    d. Loss of financial support and/or future support from DAMON GRIMES;
    e. Loss of society and companionship of DAMON GRIMES;
    f. Death;

     g.  Loss of service;

     h.  Loss of gifts and/or other valuable gratuities;

     i.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

     j.  Punitive damages;

     k.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

     l.  Any other damages allowed by law.

47.    The acts and/or omissions of Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious and/or reckless disregard for the constitutional rights of DAMON GRIMES and Plaintiff therefore requests an award of punitive and exemplary damages.

48.    That these Defendants are not entitled to qualified immunity.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount greatly in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of costs, interest and attorney fees.

## COUNT II
## GROSS NEGLIGENCE AGAINST DEFENDANTS TROOPER MARK BESSNER, TROOPER ETHAN BERGER, AND SGT. JACOB LISS

49.    Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

50.    At all times relevant hereto, Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER, owed DAMON GRIMES a duty to

not act in a grossly negligent manner, to act prudently and with reasonable care and to avoid the use of unnecessary and unreasonable force.

51.    At all times relevant hereto, Defendant, SGT. JACOB LISS, owed DAMON GRIMES a duty to not act in a grossly negligent manner, to act prudently and with reasonable care and to report the use of unnecessary and unreasonable force and all of evidence of the same.

52.    Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER, breached the duties owed to DAMON GRIMES when Defendants acted with a substantial lack of concern and with reckless disregard for the safety of DAMON GRIMES,  including but not limited to the following particulars:

    a.  Using and allowing the use of a Taser on a child in response to a traffic violation thereby causing his death;

    b.  Failing to exhaust all other less intrusive uses of force before using and/or allowing the use of the Taser upon DAMON GRIMES, a child;

    c.  Failing to issue verbal warning against DAMON GRIMES prior to using the Taser against him;

    d.  Deploying and/or allowing the deployment of a Taser at DAMON GRIMES who was operating a moving ATV thereby causing a collision, in complete disregard for the safety of DAMON GRIMES and others;

    e.  Deploying and/or allowing the deployment of a Taser through an open window of a moving vehicle in violation of State of Michigan policy and procedure;

    f.  Engaging in and/or allowing the engagement in a high-speed pursuit in response to a misdemeanor traffic violation in complete disregard for the safety of DAMON GRIMES and others;

g. Engaging in and/or allowing the engagement in a high-speed pursuit in response to a misdemeanor traffic violation in violation of State of Michigan and/or City of Detroit Police Department policy and procedure;

h. Utilizing deadly force and/or allowing the use of deadly force upon DAMON GRIMES who Defendant, TROOPER MARK BESSNER, did not witness commit any violent crime or felony;

i. Utilizing deadly force and/or allowing the use of deadly force upon DAMON GRIMES who was not in possession of a weapon and did not display any object that appeared to be a weapon;

j. Utilizing deadly force and/or allowing the use of deadly force upon DAMON GRIMES who did not pose an immediate threat of harm to Defendant, TROOPER MARK BESSNER, or any person in the immediate vicinity;

k. Utilizing deadly force and/or allowing the use of deadly force upon DAMON GRIMES who did not threaten Defendant, TROOPER MARK BESSNER and/or Defendant, TROOPER MARK BESSNER, or any member of the public in any way;

l. Acting with reckless disregard for the safety of DAMON GRIMES;

m. Destroying, spoiling and concealing  evidence used in the excessive force on DAMON GRIMES and resulting in  the death of a citizen;

n. Failing to provide immediate aid to DAMON GRIMES, who was laying in the street dying;

53.    Defendant, SGT. JACOB LISS, breached the duties owed to DAMON GRIMES when he acted with a substantial lack of concern and with reckless disregard for the rights of DAMON GRIMES, including but not limited to the following particulars:

   a.  Destroying, spoiling and concealing  evidence used in the excessive force on DAMON GRIMES and resulting in  the death of a citizen;

   b.  Failing to advise superiors and/or investigators of the use of excessive force on DAMON GRIMES and the use of a taser in the death of DAMON GRIMES;

   c.  All other breaches learned through the course of discovery which are hereby adopted by reference.

54.   At all times relevant, Defendants, TROOPER MARK BESSNER, TROOPER ETHAN BERGER and SGT. JACOB LISS' conduct was so reckless as to have a substantial disregard as to whether injury would occur and/or otherwise amounts to gross negligence.

55.   As a result of the grossly negligent conduct of Defendants, TROOPER MARK BESSNER, TROOPER ETHAN BERGER and SGT. JACOB LISS, such acts were the proximate cause of the injuries and damages claimed herein.

56.   That the Defendants are not entitled to governmental immunity,

57.   The misconduct of Defendants, TROOPER MARK BESSNER, TROOPER ETHAN BERGER and SGT. JACOB LISS, directly and proximately caused DAMON GRIMES and members of his estate to suffer numerous injuries and damages and members of his estate will continue to suffer in the future, including but not limited to:

   a.  Conscious physical pain and suffering endured by DAMON GRIMES during the time between his injury and death;

   b.  Medical and hospital expenses;

    c. Funeral and burial expenses;

    d. Loss of financial support and/or future support from DAMON GRIMES;

    e. Loss of society and companionship of DAMON GRIMES;

    f. Death;

    g. Loss of service;

    h. Loss of gifts and/or other valuable gratuities;

    i. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

    j. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    k. Any other damages allowed by law.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount greatly in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of costs, interest and attorney fees.

## COUNT III
## <u>ASSAULT AND BATTERY AGAINST DEFENDANTS, TROOPER MARK BESSNER AND TROOPER ETHAN BERGER</u>

58.    Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

59.    The acts taken by Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER , were not undertaken in good faith and were not discretionary, but were undertaken with malice.

60.    At all material times these Defendants, conspired and/or caused DAMON GRIMES to be subjected to involuntary, unnecessary and/or unwanted contact.

61.    At all material times herein, the physical contact with DAMON GRIMES was inflicted upon and/or encouraged by these Defendants.

62.    The physical contact upon DAMON GRIMES was unnecessary and excessive and furthermore was without justification.

63.    As a direct and proximate cause of the assault and batteries, failure to intervene and/or stop the unnecessary assault and batteries upon DAMON GRIMES and failure to report the assault and batteries, Plaintiff sustained injuries, including but not limited to:

   a. Conscious physical pain and suffering endured by DAMON GRIMES during the time between his injury and death;
   b. Medical and hospital expenses;
   c. Funeral and burial expenses;
   d. Loss of financial support and/or future support from DAMON GRIMES;
   e. Loss of society and companionship of DAMON GRIMES;
   f. Death;
   g. Loss of service;
   h. Loss of gifts and/or other valuable gratuities;
   i. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
   j. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
   k. Any other damages allowed by law.

64.    That the actions of Defendants were so egregious and outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

65.    Defendants are not entitled to governmental immunity as their actions were so egregious, were done with a substantial and reckless disregard as to

whether an injury would result and were the proximate cause of the injuries to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount greatly in excess of Seventy-Five Thousand dollars ($75,000.00)


### COUNT IV
### <u>VIOLATION 42 USC § 1985(3) CONSPIRACY TO DEPRIVE AND INTERFERE WITH PLAINTIFF'S CIVIL RIGHTS AGAINST DEFENDANTS, TROOPER MARK BESSNER AND ETHAN BERGER AND SGT. JACOB LISS</u>

66.     Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

67.     Defendants, TROOPER MARK BESSNER, TROOPER ETHAN BERGER, and SGT. JACOB LISS and/or others by their concerted actions of falsifying, destroying, spoiling and concealing evidence of the use of the taser and excessive force acted in concert to commit and accomplish unlawful acts resulting in the deprivation of rights, including a deprivation of Due Process, to DAMON GRIMES and his family.

68.     In addition, the actions of Defendants, TROOPER MARK BESSNER, TROOPER ETHAN BERGER, and SGT JACOB LISS were racially motivated and intended to deprive DAMON GRIMES and his family of the equal protection of the laws.

69.     Defendants' actions  included, but were not limited to:

a.  Conspiring to not immediately render first aid to DAMON GRIMES,  intentionally discarding the taser wire from the taser used to commit excessive force upon DAMON GRIMES;

b.  Conspiring not to report to supervisors and/or investigators the use of a taser, the use of excessive force and the destruction, spoliation and concealment of the taser wire used in the excessive force upon DAMON GRIMES:

c.  Conspiring to falsify reports and failing to truthfully answer questions by superiors and/or investigators;

d.  All other breaches learned through the course of discovery which are hereby adopted by reference.

70.     Defendants, TROOPER MARK BESSNER, TROOPER ETHAN BERGER, and SGT. JACOB LISS and/or others by and through their actions thereby had a single plan when they conspired and explicitly agreed to inflict wrongs against DAMON GRIMES and his family and injuries upon DAMON GRIMES and his family.

71.     Defendants, TROOPER MARK BESSNER, TROOPER ETHAN BERGER, and SGT. JACOB LISS and/or others possessed the same motives and same objective to violate such rights when they knew about and/or participated in: intentionally discarding the taser wire from the taser used to commit excessive force upon DAMON GRIMES;  failing to report to supervisors and/or investigators the use of a taser and of excessive force; failing to report and concealing the destruction and spoliation of the taser wire used in the excessive force upon

DAMON GRIMES;  by providing false reports regarding the incident; and/or by failing to truthfully answer questions by supervisors and/or investigators.

72.     Defendants, TROOPER MARK BESSNER and TROOPER ETHAN BERGER and SGT JACOB LISS and/or others' overt actions deprived and interfered, either directly with the civil rights of DAMON GRIMES and his family.

73.     As a direct and proximate cause of the conspiracy to interfere with the civil rights of DAMON GRIMES and his family, Plaintiff sustained injuries, including but not limited to:

    a. Conscious physical pain and suffering endured by DAMON GRIMES during the time between his injury and death;
    b. Medical and hospital expenses;
    c. Funeral and burial expenses;
    d. Loss of financial support and/or future support from DAMON GRIMES;
    e. Loss of society and companionship of DAMON GRIMES;
    f. Death;
    g. Loss of service;
    h. Loss of gifts and/or other valuable gratuities;
    i. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
    j. Loss of parental –child relationship;
    k. Punitive and/or exemplary damages;
    l. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
    m. Any other damages allowed by law.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount greatly in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of costs, interest and attorney fees.

Respectfully submitted,

_/s/ Geoffrey N. Fieger_
Geoffrey N. Fieger (P30441)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorney for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
Dated:  June 8, 2018          (248) 355-5555

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MONIQUE GRIMES, as Personal
Representative of the Estate of
DAMON GRIMES, Deceased,

     Plaintiff,                    Case No. 17-cv-12860

v                                 Hon. Gershwin A. Drain
                                 *consolidated with*

TROOPER MARK BESSNER,      Case No. 17-cv-13580
TROOPER ETHAN BERGER, and
SGT. JACOB LISS,

     Defendants.

---

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | MARK E. DONNELLY (P39281) |
| JAMES J. HARRINGTON, IV (P65351) | JOHN F. FEDYNSKY (P65232) |
| GINA U. PUZZUOLI (P37992) | Assistant Attorneys General |
| Fieger, Fieger, Kenney & Harrington, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiff | Civil Litigation, Employment & |
| 19390 West 10 Mile Road | Elections Division |
| Southfield, MI 48075 | P.O. Box 30736 |
| (248) 355-5555 | Lansing, MI  48909 |
| | (517) 373-6434 |

---

## RELIANCE ON JURY DEMAND

NOW COMES Plaintiff, MONIQUE GRIMES, as Personal Representative

of the Estate of DAMON GRIMES, Deceased, by and through her attorneys

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and hereby relies on the

demand for trial by jury previously filed in the above-captioned matter.

Respectfully submitted,

 */s/ Geoffrey N. Fieger*
Geoffrey N. Fieger (P30441)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorney for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555

Dated:  June 8, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

/s/: Samantha M. Teal
**Legal Assistant to Geoffrey N. Fieger**