UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MONIQUE GRIMES, as Personal
Representative of the Estate of
Damon Grimes, deceased,

  Plaintiff,

v

TROOPER MARK BESSNER,
and TROOPER ETHAN
BERGER,

  Defendants.

No. 2:17-cv-12860
Consolidated with No. 2:17-cv-13580

HON. GERSHWIN A. DRAIN

MAG. ELIZABETH A. STAFFORD

---

Geoffrey N. Fieger (P30441)
James J. Harrington IV (P65351)
Gina U. Puzzuoli (P37992)
Danielle L. Dezbor (P79488)
Fieger, Fieger, Kenney &
Harrington, P.C.
Attorneys for Plaintiff
19390 West 10 Mile Road
Southfield, MI 48075
248.355.5555

Mark E. Donnelly (P39281)
John G. Fedynsky (P65232)
Assistant Attorneys General
Attorneys for Defendant Berger
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI  48909
517.373.6434

---

**BRIEF IN SUPPORT OF ORAL MOTION TO STRIKE
PLAINTIFF'S MAY 24, 2018 SUPPLEMENTAL BRIEF,
AND FOR OTHER CORRECTIVE ACTION**

This brief is filed at the direction of the Court, which was given at the June 5, 2018 hearing on the motion to withdraw from representing Defendant Ethan Berger. At the hearing, Berger's counsel moved orally for the Court to strike Plaintiff's May 24, 2018 Supplemental Brief (R. 64), and for sanctions or other corrective action. The Court indicated it had not yet read the pleading and wanted to consider authority that would support the relief requested.

The basis for the relief requested is the Court's inherent power to enforce its local rules and redress flagrant, intentional violations of the same. The specific rule at issue is Local Rule 16.3:

> (d) Confidentiality. Communications in ADR proceedings are confidential. They are not subject to discovery, are not admissible in a proceeding, and may not be disclosed to anyone other than the ADR participants unless the court permits disclosure. No party may compel a mediator to produce documents that relate to, or testify to matters discussed during, ADR proceedings except on order of the court. E.D. Mich. LR 16.3(d).

In 1998, Congress enacted the Alternative Dispute Resolution ("ADR") Act, which directed federal district courts to "require [by local rule] that litigants in all civil cases consider the use of an alternative dispute resolution process at an appropriate stage in the litigation." 28 U.S.C. § 652(a). The ADR Act mandates that "each district court shall, by local

rule . . . , provide for the confidentiality of the alternative dispute resolution processes and . . . prohibit disclosure of confidential dispute resolution communications." *Id.* § 652(d).  Federal courts have recognized the importance of maintaining confidentiality of communications made during settlement conferences and mediations. "There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003).  "By safeguarding the trust of the parties in the individual case, the confidentiality requirement serves the broader purpose of fostering alternative dispute resolution, in general.  Confidentiality is paramount to the success of a mediation program because it encourages candor between the participants . . . The need for confidentiality is heightened where, as here, participation in ADR is mandatory." *Hand v. Walnut Valley Sailing Club*, No. 10-1296-SAC, 2011 WL 3102491, at *4–5 (D. Kan. July 20, 2011), *aff'd*, 475 F. App'x 277 (10th Cir. 2012).

All attorneys practicing in federal court have "a clear obligation to familiarize [themselves] with a district court's local rules and to follow them. . . ." *Carpenter v. City of Flint*, 723 F.3d 700, 710 (6th Cir. 2013).

3

Consequently, the Eastern District's Local Rules contemplate sanctions for failure to comply with the Rules. Local Rule 11.1 states:

> If, after notice and a reasonable opportunity to respond, the Court determines that a provision of these Local Rules has been knowingly violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or parties that have violated the Local Rule or are responsible for the violation. The procedures for imposing sanctions and the nature of sanctions shall be as set out in Fed. R. Civ. P. 11(c). For purposes of this rule, references in Fed. R. Civ. P. 11(c) to violations of "Rule 11(b)" are deemed to be references to violations of the Local Rules, and Fed. R. Civ. P. 11(c)(5)(A) does not apply.

Rule 11(c)(1) of the Federal Rules of Civil Procedure provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." The Court on its own initiative may also "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

"A district court, operating under Rule 11, has broad discretion 'in deciding the nature and extent of sanctions to impose. . . .'" *In re Fieger*, 191 F.3d 451 (6th Cir. 1999) (unpublished) (quoting *INVST Fin. Group,*

*Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391, 401 (6th Cir. 1987)). Independent of Rule 11, courts also have inherent authority to sanction bad faith conduct in litigation. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002).

Case law enforcing Local Rule 16.3 is sparse. In *Akbar v. Bangash*, the plaintiffs moved to enforce the parties' settlement agreement. *Akbar v. Bangash*, No. 15-CV-12688, 2017 WL 2953047, at *1 (E.D. Mich. July 11, 2017). The court denied the defendants' motion to strike the plaintiffs' motion because it discussed confidential settlement terms in violation of Local Rule 16.3(d), and the defendants' request for attorneys' fees and costs under the court's inherent sanctions authority. *Id.* at *3. The defendants relied on Local Rule 5.1 as authority to strike the plaintiffs' motion; the court concluded that this reliance was mistaken because Local Rule 5.1 sets forth format and technical filing requirements, and noted that "unlike Local Rules 5.1 and 7.1, Local Rule 16.3 does not contain a comment that a document circumventing that rule may be stricken." *Id.* at *3 n. 2. The *Akbar* court also declined to impose sanctions, holding that "Defendants have neither presented sufficient evidence from which this Court can

5

conclude that Plaintiffs' [sic] acted in bad faith, nor do Defendants contend that Plaintiffs' conduct was either intentional or reckless." *Id.* at *4.

In the Western District of Michigan, one district court upheld a magistrate judge's order striking the plaintiff's experts because the plaintiff had intentionally disclosed ADR communications to the experts in violation of the applicable Local Rule. *Irwin Seating Co. v. Int'l Bus. Machines Corp.*, No. 1:04-CV-568, 2007 WL 518866, at *3 (W.D. Mich. Feb. 15, 2007). The local rule at issue in *Irwin Seating* stated, in pertinent part: "*Confidentiality*-information disclosed during the ADR process shall not be revealed to any one else without consent of the party who disclosed the information." *Id.* The court found that regardless of whether the plaintiff acted in bad faith in making the disclosure, the experts had improperly received confidential information and the only adequate remedy was to strike the experts. *Id.*

Federal courts in other districts have granted motions to strike filings which improperly disclose mediation communications. *See, e.g.*, *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) ("[C]ourts have inherent power

6

to strike inappropriate materials such as confidential mediation and settlement information that are improperly part of the public record."); *DSW, Inc. v. Zina Eva, Inc.*, No. 2:11-CV-0036, 2011 WL 6179274, at *6 (S.D. Ohio Dec. 13, 2011) (granting in part defendant's motion to strike plaintiff's memorandum in opposition to enforce the settlement agreement because it improperly disclosed communications made during ADR proceedings in violation of a similar Local Rule).

    Several federal district courts have imposed monetary sanctions against counsel who intentionally disclosed details of court-ordered mediation. *See, e.g.*, *Bernard v. Galen Grp., Inc.*, 901 F. Supp. 778, 784 (S.D. N.Y. 1995) (fining counsel $2,500 for disclosing details of mediation in violation of court's order that proceedings be kept confidential); *Abrams-Jackson v. Avossa*, 282 F. Supp. 3d 1268 (S.D. Fla. 2017) (imposing sanction of attorney's fees for bad faith filing of confidential mediation statement in violation of local rule); *Josephs v. Gallatin Cty.*, No. CV-06-78-BU-SEH, 2008 WL 11348227, at *3-4 (D. Mont. Nov. 3, 2008) (imposing sanction of attorney's fees for intentional, bad faith disclosure of settlement offer to a newspaper in violation of local rule requiring confidentiality of mediation communications).

However, sanctions may not be warranted if the disclosure was unintentional or in good faith. *See Willis v. McGraw*, 177 F.R.D. 632, 633 n.2 (S.D. W.Va. 1998) (finding that sanctions were unnecessary because counsel acted in good faith in filing a motion to enforce a settlement that may have violated local rule regarding confidentiality of mediation communications).

Here, attorney Geoffrey Fieger's violation of the local rules is flagrant and intentional. He ignored procedure by filing a sur-reply without permission of the Court. E.D. Mich. LR 7.1(e)(2). The source of the sanctionable misconduct is the content of R. 64. It is inaccurate, inflammatory, and improper. Its content is rife with falsehoods, baseless accusations, naked attempts to paint an adversary in a derogatory light, and, worst of all, claims about what was asserted in confidence at a facilitation ordered by the Court.

The specific falsehoods bear no repeating here.[1] They can be reduced to the following categories: (1) the Department of Attorney General did not participate in the mediation in good faith, (2) it is

---

[1] The body of the brief contains at least twenty such falsehoods. The rate is astonishing, for that same portion of the document contains twenty-one periods and two question marks.

gaming the system in this lawsuit, and (3) perpetrating a manifest injustice. Each of these assertions is false. Importantly, the assertions are supported by false claims about what happened at the mediation. Such claims in any event are not fair game for repeating, dissecting, and attacking in a brief filed on the Court's public docket after unsuccessful ADR.

The dearth of caselaw on enforcing Local Rule 16.3 and its counterparts in other districts is illustrative. Feiger's brief is so beyond the pale and so obviously improper that federal courts have not had to remedy such unfounded tactics in the past.

Worse yet, Feiger and his law firm have not agreed to correct the situation and withdraw the brief. That request was first made by e-mail on May 29, 2018 (two business days after the offending brief was filed). (Exhibit 1.) The same request was made by telephone on June 4, 2018, and in person before and during the hearing on June 5, 2018. Feiger or his firm have refused to recognize that the brief is an improper screed, unmoored from reality and aimed at some collateral effect other than engaging the merits of the motion to withdraw. They have driven past the off-ramps that were offered and instead doubled

down on the indefensible position at the hearing that failure to disclose specific settlement offers and counter-offers is all that Local Rule 16.3 covers. Not so – the local rule governs and makes confidential *all* "[c]ommunications in ADR proceedings[.]" E.D. Mich. LR 16.3(d). Feiger has exceeded all bounds of reasonable interpretations of the rule, even after given the chance to correct the situation. He has exerted no self-control, nor does it appear that any control will flow from his partners and subordinates. Under the circumstances, control will come from the Court or it will be non-existent.

Consistent with its inherent powers, this Court should strike R. 64 and take whatever other corrective action it deems appropriate. The nature of any sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). It can be monetary and "may include nonmonetary directives." *Id.* For Feiger and anyone similarly situated, effective deterrence would mean that the Court must impose something substantial. If severe misconduct like this is not addressed now, then what is past will become prologue – to the great detriment of this Court's essential functions.

                                      Respectfully submitted,

                                      */s/ John G. Fedynsky*
                                      John G. Fedynsky (P65232)
                                      Mark E. Donnelly (P39281)
                                      Assistant Attorneys General
                                      Attorneys for Defendant Berger
                                      MI Dep't of Attorney General
                                      Civil Litigation, Employment &
                                      Elections Division
                                      P.O. Box 30736
                                      Lansing, MI 48909
                                      fedynskyj@michigan.gov
                                      (517) 373-6434

Dated: June 15, 2018

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on June 15, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ John G. Fedynsky*
Assistant Attorney General
Attorney for Defendant Berger
MI Dep't of Attorney General
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI 48909
fedynskyj@michigan.gov
(517) 373-6434
[P65232]
