UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MONIQUE GRIMES, as Personal
Representative of the Estate of
Damon Grimes, deceased,

    Plaintiff,

v.

TROOPER MARK BESSNER,
TROOPER ETHAN BERGER,
and SGT. JACOB LISS,

    Defendants.

No. 2:17-cv-12860
  *consolidated with*
No. 2:17-cv-13580

HON. GERSHWIN A. DRAIN

---

| | |
|---|---|
| Geoffrey N. Fieger (P30441) | Mark E. Donnelly (P39281) |
| James J. Harrington, IV (P65351) | John G. Fedynsky (P65232) |
| Gina U. Puzzuoli (P37992) | Assistant Attorneys General |
| Fieger, Fieger, Kenney & | Attorneys for Defendant Berger |
| Harrington, P.C. | Michigan Dep't of Attorney General |
| Attorneys for Plaintiff | Civil Litigation, Employment & |
| 19390 West 10 Mile Road | Elections Division |
| Southfield, MI 48075 | P.O. Box 30736 |
| (248) 355-5555 | Lansing, MI  48909 |
| | (517) 373-6434 |

---

## DEFENDANT BERGER'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendant Ethan Berger, by counsel, answers Plaintiff's Second Amended Complaint, by like-numbered paragraphs, as follows.

## JURISDICTION

1. Defendant admits this Court has federal subject matter jurisdiction.

2. Defendant admits this Court has federal subject matter jurisdiction.

3. Defendant admits this Court may exercise supplemental jurisdiction over the state law claim.

4. Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

## VENUE

5. Defendant admits venue is proper.

## PARTIES

6. Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

7. Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

8. Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

9. Defendant admits that he acted under color of law and within the scope of his official duties. In further response, Defendant states that at all times he acted in his official capacity and not his individual capacity.

10. Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

## FACTUAL STATEMENT

11. Defendant incorporates all prior responses.

12. Defendant admits the allegations.

13. Defendant admits that he was driving and he pursued Grimes. Defendant otherwise denies the allegations as untrue.

14. Defendants admits he was driving and Bessner was the passenger. Defendant otherwise denies the allegations as untrue.

15. The allegations require no response because they state legal conclusions. If a response is deemed required, Defendant neither

admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

16. The allegations require no response because they are vague and they state legal conclusions.

17. Defendant admits that at the relevant times he did not see Grimes display an object that appeared to be a weapon. Defendant otherwise neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

18. Defendant denies the allegations as untrue.

19. Defendant denies the allegations as untrue.

20. The allegations require no response because they state legal conclusions. If a response is deemed required, Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

21. The allegations require no response because they state legal conclusions. If a response is deemed required, Defendant denies the allegations as untrue.

22. The allegations require no response because they state legal conclusions. If a response is deemed required, Defendant neither

admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

23.  The allegations require no response because they state legal conclusions.  If a response is deemed required, Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

24.  Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

25.  The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant.  If a response is deemed required, Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

26.  The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant.  If a response is deemed required, Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

27. Defendant denies the allegations as untrue.

28. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

29. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

30. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

31. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant

neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

32. Defendant denies the allegations as untrue.

33. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

34. The allegations require no response because they state legal conclusions and are vague and compound. If a response is deemed required, Defendant denies the allegations as untrue.

35. The allegations require no response because they state legal conclusions. If a response is deemed required, Defendant denies the allegations as untrue.

36. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

37. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not

attributable to Defendant. If a response is deemed required, Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

38. Defendant does not contest that he acted under color of law and within the scope of his official duties. Defendant otherwise denies the allegations as untrue.

39. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

## COUNT I
## 42 U.S.C. § 1983–EXCESSIVE FORCE AGAINST DEFENDANTS, TROOPER MARK BESSNER AND TROOPER ETHAN BERGER

40. Defendant incorporates all prior responses.

41. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

42. The allegations require no response because they state legal conclusions. If a response is deemed required, Defendant responds that the law speaks for itself and at all times he acted under color of law and in his official capacity.

43. The allegations require no response because they state legal conclusions. If a response is deemed required, Defendant responds that the law speaks for itself and at all times he acted under color of law and in his official capacity. Defendant otherwise neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

44. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

45. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

46. The allegations, and all their subparts, require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations, and all their subparts, as untrue.

47. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

48. The allegations require no response because they state legal conclusions and are vague and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

Defendant respectfully requests that the Court dismiss all claims and grant any other appropriate relief to Defendant.

## COUNT II
## GROSS NEGLIGENCE AGAINST DEFENDANTS TROOPER MARK BESSNER, TROOPER ETHAN BERGER, AND SGT. JACOB LISS

49. Defendant incorporates all prior responses.

50. The allegations require no response because they state legal conclusions. If a response is deemed required, Defendant responds that the law speaks for itself.

51. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.

52. The allegations, and all their subparts, require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations, and all their subparts, as untrue.

53. The allegations, and all their subparts, require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant neither admits nor denies the allegations, and all their subparts, because he lacks knowledge or information sufficient to form a belief as to their truth.

54. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant.  If a response is deemed required, Defendant denies the allegations as untrue.

55. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant.  If a response is deemed required, Defendant denies the allegations as untrue.

56. The allegations require no response because they state legal conclusions and are vague and allege conduct not attributable to Defendant.  If a response is deemed required, Defendant denies the allegations as untrue.

57. The allegations, and all their subparts, require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant.  If a response is deemed required, Defendant denies the allegations, and all their subparts, as untrue.

Defendant respectfully requests that the Court dismiss all claims and grant any other appropriate relief to Defendant.

## COUNT III
## ASSAULT AND BATTERY AGAINST DEFENDANTS TROOPER MARK BESSNER AND TROOPER ETHAN BERGER

58. Defendant incorporates all prior responses.

59. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

60. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

61. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

62. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

63. The allegations, and all their subparts, require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations, and all their subparts, as untrue.

64. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

65. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

Defendant respectfully requests that the Court dismiss all claims and grant any other appropriate relief to Defendant.

## COUNT IV
### VIOLATION 42 USC § 1985(3) CONSPIRACY TO DEPRIVE AND INTERFERE WITH PLAINTIFF'S CIVIL RIGHTS AGAINST DEFENDANTS, TROOPER MARK BESSNER AND ETHAN BERGER AND SGT. JACOB LISS

66. Defendant incorporates all prior responses.

67. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

68. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

69. The allegations, and all their subparts, require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations, and all their subparts, as untrue.

70. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant. If a response is deemed required, Defendant denies the allegations as untrue.

71. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not

attributable to Defendant.  If a response is deemed required, Defendant denies the allegations as untrue.

72. The allegations require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant.  If a response is deemed required, Defendant denies the allegations as untrue.

73. The allegations, and all their subparts, require no response because they state legal conclusions and are vague and compound and allege conduct not attributable to Defendant.  If a response is deemed required, Defendant denies the allegations, and all their subparts, as untrue.

Defendant respectfully requests that the Court dismiss all claims and grant any other appropriate relief to Defendant.

## AFFIRMATIVE DEFENSES

1. Some or all of Plaintiff's losses and damages, if any, were caused by decedent's own conduct or the conduct of others and not attributable to Defendant.

2. Defendant is entitled to qualified immunity or other immunity granted by federal law.

3. To the extent that Plaintiff attempts to bring claims against Defendant in his official capacity, the Eleventh Amendment bars such claims.

4. Defendant is entitled to governmental immunity or other immunity granted by Michigan law. This immunity includes but is not limited to Defendant's actions not being the proximate cause of decedent's injuries.

5. Defendant objects to any failure by Plaintiff to join all claims and parties required to be joined.

6. Defendant reserves the right to raise further defenses or assert other matters revealed by continuing investigation and discovery, including all defenses available under Federal Rules of Civil Procedure 12 and 56, upon the completion of discovery and as the Court permits.

## DEFENDANT'S RELIANCE UPON JURY DEMAND

Defendant relies upon the jury demand filed in this matter, and will pay any fee upon proper notification by the Court.

Respectfully submitted,

Bill Schuette
Attorney General

*s/John G. Fedynsky*
John G. Fedynsky (P65232)
Assistant Attorney General
Attorney for Defendant Berger
Civil Litigation, Employment
and Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6334
fedynskyj@michigan.gov

June 22, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such.

*s/John G. Fedynsky*
John G. Fedynsky
Assistant Attorney General
Attorney for Defendant Berger
Civil Litigation, Employment
and Elections Division