# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MONIQUE GRIMES, as Personal
Representative of the Estate of
DAMON GRIMES, Deceased,

    Plaintiff,

v

TROOPER MARK BESSNER,
TROOPER ETHAN BERGER, and
SGT. JACOB LISS,

    Defendants.

Case No. 17-cv-12860
Hon. Gershwin A. Drain
   *consolidated with*
Case No. 17-cv-13580

---

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | MARK E. DONNELLY (P39281) |
| JAMES J. HARRINGTON, IV (P65351) | JOHN F. FEDYNSKY (P65232) |
| GINA U. PUZZUOLI (P37992) | Assistant Attorneys General |
| Fieger, Fieger, Kenney & Harrington, P.C. | Attorneys for Defendant Berger |
| Attorneys for Plaintiff | Civil Litigation, Employment & |
| 19390 West 10 Mile Road | Elections Division |
| Southfield, MI 48075 | P.O. Box 30736 |
| (248) 355-5555 | Lansing, MI  48909 |
| | (517) 373-6434 |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S ORAL MOTION TO STRIKE PLAINTIFF'S MAY 24, 2018 SUPPLEMENTAL BRIEF AND FOR OTHER CORRECTIVE ACTION**

    NOW COMES Plaintiff MONIQUE GRIMES, Personal Representative of the Estate of DAMON GRIMES, deceased, by and through her attorneys, *Fieger, Fieger, Kenney & Harrington, P.C.* for her Brief in Opposition to

Defendant's Brief in Support of Oral Motion to Strike Plaintiff's May 24, 2018 Supplemental Brief states as follows:

Before responding to Defendant's Brief (Doc. 69), Plaintiff would indicate to the Court that, after much discussion, the parties were able to agree to a stipulated order that would remove the May 24 Supplemental Brief from the Court's public docket. That supplemental brief is found at Doc. 64 and the stipulated order was submitted on June 22, 2018. While entry of the stipulated order should resolve this matter by rendering Defendant's oral motion moot, Plaintiff provides the following analysis to the extent that Defendant persists in his request for "other corrective action", i.e. sanctions. As discussed below, Plaintiff's supplemental brief did not violate E. D. Mich L.R. 16.3 and its filing does not merit the imposition of any sanctions.

This litigation has been extremely active recently. In the past two months, the parties have addressed the Attorney General's request to withdraw as counsel for Trooper Berger, amended the complaint, added a new party, participated in status conferences with Your Honor, and participated in court-ordered facilitation. The evolution of this case is well-documented in the pleading and papers filed with the Court.

One issue that was the focus of much discussion recently was the Attorney General's request to withdraw as counsel for Trooper Ethan Berger. In fact, the matter was of such great importance that not only did Plaintiff file a detailed response for the Court, but the Michigan State Police Trooper's Association filed an amicus brief. (Doc. 65) In its amicus brief, the Association requested that the Court deny the motion and advised the Court of simultaneously pending administrative proceedings that Trooper Berger was involved in relating to his right to counsel.

Plaintiff's response to the motion to withdraw was filed on May 16, 2018, Doc. 62, and oral argument was scheduled for June. While the parties awaited oral argument, the facilitation occurred on May 22, 2018. During that facilitation, several statements were communicated regarding the pending motion to withdraw. From what was communicated, Plaintiff's counsel felt that the Attorney General's office was attempting to extort Ms. Grimes into resolving this case. What occurred at facilitation confirmed Plaintiff's suspicions regarding the true nature of the Attorney General's motivation for seeking to withdraw as Trooper Berger's counsel. Seeking to advise the Court of this information, Plaintiff filed the supplemental brief that is the subject of this motion.

The Plaintiff's May 24 Supplemental Brief was never filed to disclose the status of settlement negotiations. In fact, the supplemental brief neither discloses Plaintiff's demand nor any offers made on behalf of defendant(s). The supplemental brief was filed solely to advise the Court of new information that may assist the Court in deciding a matter that was pending before it. This is a proper purpose, and Plaintiff should not be sanctioned.

Defendant's motion relies on Local Rule 16.3, specifically subsection (d). The relevant portion of that rule states:

> Communications in ADR proceedings are confidential. They are not subject to discovery, are not admissible in a proceeding, and may not be disclosed to anyone other than the ADR participants unless the court permits disclosure. No party may compel a mediator to produce documents that relate to, or testify to matters discussed during, ADR proceedings except on order of the court.

This court rule is an administrative rule that embodies this District's decision to embrace alternative dispute resolution. While the rule informs on favored ADR methods and procedures, the rule does not provide for penalties for its violation or indicate what type of response, if any, is required if a party does not comport with the rule.

Local Rule 16.3(d) was recently discussed by the Hon. Mark Goldsmith in *Akbar v. Bangash,* 15-cv-12688, 2017 WL 2953047 (E.D. Mich. 2017). In that case, the plaintiff filed a motion seeking to enforce a settlement. The motion disclosed information relating to the terms of the settlement. *Id.* *3. After the plaintiff filed the motion to enforce the settlement, the defendant filed a motion to strike that motion and also sought sanctions. *Id.* The defendant relied, in part, on Local Rule 16.3. *Id.* After analyzing Local Rule 16.3 and FRE 408, Judge Goldsmith denied the motion to strike. *Id.* at *3-4. He noted that the plaintiff's disclosure of the settlement information was acceptable because the plaintiff was merely attempting to prove the existence and terms of the purported settlement agreement itself. *Id.* at *4.

Judge Goldsmith also denied the defendant's request for sanctions. He noted that a district court's inherent authority allows it to sanction "bad faith" conduct. *Akbar* at *4 citing *Metz v. Unizan Bank,* 655 F.3d 485, 489 (6th Cir. 2011). Conduct rises to the level of bad faith when it is intentional or reckless. *Akbar* at *4 citing *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008). After reviewing the record, Judge Goldsmith

denied the defendant's request for sanctions because there was no evidence that the plaintiff's actions were taken in bad faith. *Akbar* at *4.

Applying *Akbar*, Defendant's oral motion should be denied and, consistent with the stipulation of the parties, the supplemental brief should be removed from the Court's public docket. Plaintiff's supplemental brief did not jeopardize the integrity of the negotiation process. The brief did not disclose the amount demanded, the amount initially offered, or any of the discussions that ensued regarding the amount of any potential settlement. Moreover, nothing that was communicated during the ADR process was specifically quoted to Your Honor.

Plaintiff's supplemental brief was intended solely to provide information to the Court relative to an issue pending before it. Plaintiff's Response to the Attorney General's Motion to Withdraw made certain arguments to the Court regarding what she believed to be the Attorney General's true motivations in withdrawing; those beliefs were validated at the facilitation. Because that information may have been relevant to this Court's decision-making process, Plaintiff believed it was important to bring that information to the Court's attention.

Plaintiff should not be sanctioned or subjected to "other corrective action" for her supplemental brief. In addressing the issue of sanctions, it should be noted that Fed. R. Civ. P. 11 cannot apply. Defendant cannot rely on Rule 11 because Defendant did not comply with the notice provision of Rule 11(c)(1). As stated above, attempts to invoke this Court's inherent authority must be accompanied by evidence of intentional or reckless conduct that the Court believes rises to the level of bad faith.

The statements made in Plaintiff's supplemental brief do not rise to the level of bad faith. While the words chosen by Mr. Fieger may be forceful in tone, they do not rise to the level of bad faith. Forceful words were chosen to bring to the Court's attention the seriousness of the situation. The Court needed to know that the Attorney General's Office was attempting to use its continued involvement in this case as some sort of a 'bargaining chip' and trying to use that 'chip' to force Plaintiff to accept an inadequate resolution of this case. Justice for Damon Grimes must be decided on the merits of the case and not the threats of the Attorney General's Office.

WHEREFORE, Plaintiff MONIQUE GRIMES, Personal Representative of the Estate of DAMON GRIMES, deceased, respectfully requests that this Court enter the stipulated order submitted on June 22, remove the supplemental brief from the public docket, and deny Defendant's request for sanctions or "other corrective action."

Respectfully submitted,

Dated:  June 22, 2018
/s/ James J. Harrington, IV
GEOFFREY N. FIEGER (P30441)
JAMES H. HARRINGTON (P65351)
Attorneys for Plaintiff
Fieger, Fieger, Kenney & Harrington, P.C.
19390 West Ten Mile Road
Southfield, MI 48075
g.fieger@fiegerlaw.com
j.harrington@fiegerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

/s/: Samantha M. Teal
**Legal Assistant**