UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE GRIMES, as the Personal
Representative of the Estate of
DAMON GRIMES, Deceased,

    Plaintiff,

vs.

Case No. 17-cv-12860
Hon. Gershwin A. Drain

Trooper MARK BESSNER and
Trooper ETHAN BERGER, and
Sgt. JACOB LISS,

    Defendants.

___

### ORDER DENYING IN PART AND FINDING MOOT IN PART DEFENDANT'S MOTION TO STRIKE AND FOR OTHER CORRECTIVE ACTION [#69]

**I.   Introduction**

Presently before the Court is the Assistant Attorney General's ("AAG") Motion to Strike and for Other Corrective Action, filed on June 15, 2018. The genesis of the instant motion stems from Plaintiff's Supplemental Brief in Support of her Opposition to the AAG's Motion to Withdraw as Counsel for Defendant Ethan Berger. Counsel complains that Plaintiff's counsel included confidential information discussed during the parties' mediation, which did not resolve the instant dispute. Conversely, counsel for the Plaintiff maintains he only referenced

the conduct of the AAG and his colleagues at the faciliation as evidence of additional reasons the court should not grant the motion to withdraw. *See* Dkt. 64.

Defendant's counsel promptly filed a Motion to Strike Plaintiff's May 24, 2018, Supplemental Brief, and to take "other corrective action" against Plaintiff's counsel for revealing confidential communications made during mediation. *See* Dkt. 69. Thereafter, the parties met and stipulated to remove the Supplemental Brief from the Court's public docket. *See*. Dkt. 75. Despite the Supplemental Brief having been withdrawn, Defendant's counsel has not similarly withdrawn his request for the Court to take "other corrective action." For the reasons discussed below, the Court will deny the request to impose "other corrective action."

## II.     Legal Standard

The basis for the relief sought by the AAG and his office is the Court's inherent power to enforce local rules and redress violations of the same. The specific rule at issue is Local Rule 16.3:

> (d) Confidentiality. Communications in ADR proceedings are confidential. They are not subject to discovery, are not admissible in a proceeding, and may not be disclosed to anyone other than the ADR participants unless the court permits disclosure. No party may compel a mediator to produce documents that relate to, or testify to matters discussed during, ADR proceedings except on order of the court.

E.D. Mich. LR 16.3(d). Congress enacted the Alternative Dispute Resolution ("ADR") Act, which directed federal courts to "require [by local

rule] that litigants in all civil cases consider the use of alternative dispute resolution process at an appropriate stage in the litigation." 28 U.S.C. § 652(a). The ADR Act mandates that "each district court [] by local rules . . . provide for the confidentiality of the alternative dispute resolution processes and [] prohibit disclosure of confidential dispute resolution communications." *Id.* § 652(d).

> By safeguarding the trust of the parties in the individual case, the confidentiality requirement serves the broader purpose of fostering alternative dispute resolution in general. Confidentiality is paramount to the success of a mediation program because it encourages candor between the participants . . . . The need for confidentiality is heightened where, as here, participation is mandatory.

*Hand v. Walnut Valley Sailing Club*, No. 10-1296-SAC, 2011 WL 3102491, at *4-5 (D. Kan. Jul. 20, 2011), *aff'd*, 475 F. App'x 277 (10th Cir. 2012).

All attorneys practicing in federal court have "a clear obligation to familiarize [themselves] with a district court's rules and to follow them . . . ." *Carpenter v. City of Flint*, 723 F.3d 700, 710 (6th Cir. 2013). Consequently, the Eastern District's Local Rules contemplate sanctions for failure to comply with the Rules. Local Rule 11.1 states:

> If, after notice, and a reasonable opportunity to respond, the Court determines that a provision of these local rules has been knowingly violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or parties that have violated the Local Rule or are responsible for the violation. The procedures for imposing sanctions and the nature of sanctions shall be set out in Fed. R. Civ. P. 11(c). For purposes of this rule, references in Fed. R. Civ. P. 11(c) to

violations of "Rule 11(b)" are deemed to be references to violations of Local Rules, and Fed. R. Civ. P. 11(c)(5)(A) does not apply.

Independent of Rule 11, courts also have inherent authority to sanction bad faith conduct in litigation. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002).

### III. Analysis

Counsel asserts that Plaintiff's Supplemental Brief amounts to a violation of Local Rule 16.3(d) and warrants assessing sanctions. As Defendant's counsel freely admits, there is very little case law that addresses violations of Local Rule 16.3(d). *See* Dkt. 69, at *5. As such, he argues that the lack of relevant case law evidences Plaintiff's counsel's inappropriate conduct. To support his argument that "other corrective action" is necessary to correct this misconduct; Defendant's counsel relies on a handful of federal cases from other jurisdictions where courts have imposed sanctions on parties who disclosed confidential information discussed during arbitration in violation of local court rules.

Here, had Plaintiff's Supplemental Brief been more explicit with respect to the information it disclosed, or if counsel's conduct was more egregious during the course of this litigation, sanctions or other corrective measures might be appropriate for a violation of this rule. However, sanctions in the cases cited by

Defendant's counsel have only been given when the party in violation of the local arbitration rules acted in bad faith.

For example, in *Bernard v. Galen Group*, 901 F. Supp. 778, 784 (S.D.N.Y. 1995), the court sanctioned a party for disclosing specific dollar amounts in an effort to curtail the mediation process, which the party had opposed at the outset. *Id.* In characterizing counsel's violation of the court's confidentiality rule, the *Bernard* court described it as "wilfull[] and deliberate[]" with an intent to "undermine the mediation process[,]" and "that the violation was serious and egregious." *Id.* The *Bernard* court relied on the fact that counsel had opposed mediation from the outset, had failed to read the notice incorporating the court's order requiring confidentiality during the mediation process, had ignored the mediator's oral reminder of confidentiality and sought to stop the process altogether after only two sessions. *Id.*, s*ee also Josephs v. Gallatin Cty.*, No. CV-06-78-BU-SHE, 2008 WL 11348227, at *3-4 (D. Mont. Nov. 3, 2008)(imposing sanction of attorney's fees for intentional, bad faith disclosure of settlement offer to a newspaper in violation of the local rule requiring confidentiality of mediation communications).

Similarly in *Avossa,* sanctions were imposed on a party for several behaviors attributed to bad faith. *Abrams-Jackson v. Avossa*, 282 F. Supp. 3d 1268, 1271 (S.D. Fla. 2017). In *Avossa*, the attorney embarked on a "pervasive pattern" of

5

unprofessional conduct, including giving delayed responses to requests, boldly making false claims that the other party did not attend the mediation, as well as disclosing a confidential mediation statement in violation of a local rule. *Id*. All of this conduct was considered further evidence of bad faith warranting the court's decision to impose sanctions. *Id*. The court further reasoned that "an award of attorney's fees is also appropriate because Plaintiff's counsel have repeatedly conducted themselves improperly." *Id.* at 1273.

Only one case from this jurisdiction has been tasked with analyzing Local Rule 16.3 and the district judge in that case declined to impose sanctions against a party for revealing discussions arising from arbitration proceedings. *Akbar v. Bangash*, No. 15-CV-12688, 2017 WL 2953047, at *1- 4 (E.D. Mich. Jul. 11, 2017). In *Akbar*, the defendant filed a Motion to Strike a Motion to Enforce a Settlement and to impose sanctions against the opposing party for making such a disclosure. *Id*. In denying the motion for sanctions, the *Akbar* court reasoned that the defendants "neither presented sufficient evidence from which this Court can conclude that Plaintiffs acted in bad faith, nor do Defendants contend that Plaintiffs' conduct was either intentional or reckless." *Id*.

Drawing on all of this authority, other corrective action, such as sanctions, is only appropriate when a party consistently either intentionally acts in bad faith or recklessly disregards the rules and orders of the court. While Plaintiff's

6

Supplemental Brief described a limited amount of communications made during the facilitation, the Court cannot conclude counsel has consistently either intentionally acted in bad faith or recklessly disregarded the rules or orders of this Court. Thus, sanctions are unwarranted.

Unlike *Bernard* and *Josephs*, where counsel was sanctioned for disclosing the actual dollar amount of the settlement offer, here counsel merely alluded to a low ball offer that was made in conjunction with a seemingly threatening statement concerning Defendant's counsel's Motion to Withdraw. *Bernard*, 901 F.Supp, at 784; *Josephs*, 2008 WL 11348227, at *3-4. Plaintiff's counsel therefore believed the Court should be apprised of these comments, albeit in a cursory and limited manner, so the Court could make a fully informed decision about the Motion to Withdraw. Thus, the disclosure was in support of his opposition to that withdrawal, and not to undermine the facilitation process, which is the evil the confidentiality rule seeks to prevent.

The court in *Bernard* took particular issue with the fact that while both parties had shared more confidential information than was appropriate, the sanctioned party's behavior was far more egregious by referencing the actual dollar amount of the proposal, ignoring repeated reminders about confidentiality and continued efforts to thwart the mediation process. *Id*. Here, counsel was not as explicit with any dollar amount, nor did he act in bad faith, therefore his
7

disclosures are not comparable to those made by the parties in *Bernard* or *Josephs*. *Bernard*, 901 F.Supp, at 784; *Josephs*, 2008 WL 11348227, at *3-4.

Similarly, counsel's conduct does not reach the level of bad faith conduct exhibited by the sanctioned party in *Avossa*. *Avossa*, 282 F. Supp.3d at 1271. In *Avossa*, the sanctioned party filed a brief that claimed that the other party had not attended the mediation, a patent falsity, and published a statement that shared additional confidential information. *Id.* The court documented a "pervasive pattern exhibited by Plaintiff's counsel involving the violation of rules and further improper conduct." *Id.* This blatant misrepresentation that one party had not been in attendance resurfaces multiple times in the courts analysis, which along with the counsel's cavalier and difficult behavior, compelled the conclusion that counsel acted in bad faith. *Id.*

Defendant's counsel claims that the brief contains as many as twenty falsehoods, however he fails to specify these reported falsehoods. Further, counsel does not suggest, nor could this Court conclude, that Plaintiff's counsel's behavior over the course of these proceedings exhibits the sort of conduct that the *Avossa* court found to be worthy of sanctions.

Lastly, the Supplemental Brief has been withdrawn by mutual agreement. Absent blatant examples of bad faith conduct, federal courts have not granted motions for sanctions for statements and disclosures of arbitration proceedings

such as those made in Plaintiff's Supplemental Brief. As such, the Court declines to impose sanctions or other corrective action.

## IV. Conclusion

Accordingly, Defendant's Motion to Strike and for Other Corrective Action [#69] is MOOT IN PART AND DENIED IN PART. Consistent with the analysis herein, counsel's decision to submit a Supplemental Brief in support of his opposition to the AAG's Motion to Withdraw did not amount to intentional bad faith conduct or reckless conduct undertaken without regard to this Court's rules and orders. Moreover, since the brief has been withdrawn, any apparent harm has been averted. Therefore, counsel's request for other corrective action in the form of sanctions is unwarranted.

SO ORDERED.

Dated: August 17, 2018  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 17, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Case Manager