UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE GRIMES, as Personal
Representative of the Estate of
Damon Grimes, deceased,

    Plaintiff,

v.

TROOPER MARK BESSNER,
TROOPER ETHAN BERGER, and
SGT. JACOB LISS,

    Defendants.

No. 2:17-cv-12860

HON. GERSHWIN A. DRAIN

*consolidated with*
Case No. 17-cv-13580

---

| | |
|---|---|
| Geoffrey N. Fieger (P30441) | Mark E. Donnelly (P39281) |
| James J. Harrington IV (P65351) | John G. Fedynsky (P65232) |
| Fieger, Fieger, Kenney & Harrington, P.C. | Assistant Attorneys General |
| Attorneys for Plaintiff | Attorneys for Defendants Ethan Berger and Jacob Liss |
| 19390 West 10 Mile Road | State Operations Division |
| Southfield, MI 48075 | Lansing, MI 48909 |
| 248.355.5555 | 517.335.7573 |

---

## ORDER APPROVING WRONGFUL DEATH SETTLEMENT AND AUTHORIZE DISTRIBUTION OF SETTLEMENT PROCEEDS

This matter having previously come before the Court on Plaintiff's Motion to Approve Wrongful Death settlement and Authorize Distribution of Settlement Proceeds, pursuant to MCL 600.2922 for the Estate of Damon

Grimes, the Court having approved this Settlement as it is in the best interest of all parties and the Court being otherwise fully advised on the premises;

**IT IS HEREBY ORDERED** that the settlement of **$12,000,000.00** proposed by the parties, shall be paid by Defendants' is approved after this Court having found that this settlement is in the best interests of the Estate.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Approve Settlement and Authorize Distribution of Settlement Proceeds Pursuant to MCL 600.2922 for the Estate of Damon Grimes, is **GRANTED.**

**IT IS FURTHER ORDERED** that the settlement proceeds of the above-cited settlement shall be distributed as follows:

a. $142,136.44 payable to Fieger, Fieger, Kenney & Harrington, PC, said sum representing the costs and expenses incurred and expended in pursuing this matter;

b. $3,919,287.85 payable to Fieger, Fieger, Kenney & Harrington, PC, as set forth and agreed to in the terms of the executed contingency fee agreement between Fieger, Fieger, Kenney & Harrington, PC and Plaintiff;

c. $12,000.00 payable to Howard Linden for time and services spent on the probate appointment;

d. $100,000.00 to be held in Plaintiff's counsel's client trust account for 30 days to pay any outstanding costs, including but not limited to outstanding costs not yet billed, the balance, reduced

      by one-third attorney fee, to be paid to the Estate of Damon Grimes[1];

e. $1,005.83 payable to Discovery Health Partners on behalf of AmeriHealth Caritas Medicaid; and

f. $1,500,000.00 payable to Pacific Life & Annuity Services, Inc. ( See Addendum to Proposed Order)

$2,500,000.00 payable to Prudential Assigned Settlement Services Corporation. ( See Addendum to Proposed Order)

g. The balance of the net proceeds of $3,825,569.88 will be distributed as follows:

|   |   |   |
|---|---|---|
| i. | **Monique Grimes (Mother)** | $3,325,569.88 |
| ii. | **Dezjanai Grimes (Sister)** | $250,000.00 |
| iii. | **Dezanique Grimes (Sister)** | $250,000.00 |
| iv. | **Brittany Winfield (half-sister)** | $0.00 |

**IT IS FURTHER ORDERED** that no amount shall be awarded for any conscious pain and suffering of the Decedent, and that all funeral and burial and medical expenses have been paid.

---

[1] After all future costs are deducted and the 1/3 attorney fee is taken, the balance of the future costs after the thirty-day expiration will be paid directly to Monique Grimes.

{00820237.DOCX} 3

**IT IS SO ORDERED.**

Dated: January 27, 2020

                                              s/Gershwin A. Drain
                                              HON. GERSHWIN A. DRAIN
                                              U.S. District Court Judge

# ADDENDUM TO PROPOSED ORDER

TERMS OF PERIODIC PAYMENTS

A. Periodic Payments having a total cost to State of Michigan of $1,500,000.00 and payable to Monique Grimes ("Payee") made according to the schedule as follows (the "Periodic Payments"):

$7,797.30 payable monthly, guaranteed for 20 years, beginning on 01/01/2021, last guaranteed payment on 12/01/2040

B. Periodic Payments having a total cost to State of Michigan of $2,500,000.00 and payable to Monique Grimes ("Payee") made according to the schedule as follows (the "Periodic Payments"):

$10,275.00 payable monthly, guaranteed for 20 years, beginning on 01/01/2021, last guaranteed payment on 12/01/2040; and

$2,670.00 payable monthly, guaranteed for 20 years, beginning on 01/01/2021, last guaranteed payment on 12/01/2040.

All payments set forth constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104 (a)(2) of the Internal Revenue Code of 1986, as amended.

**Plaintiff's Rights of Payments** - Plaintiff acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiff or any Payee; nor shall the Plaintiff or Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

**Payee's Beneficiary** - Any payments to be made after the death of any Payee pursuant to the terms of this Agreement shall be made to such person or entity as shall be designated in writing by Payee to the State of Michigan's Assignee. If no person or entity is so designated by Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the State of Michigan's Assignee. The Designation must be in a form acceptable to the State of Michigan's Assignee before such payments are made, but in no event shall the request of the Payee be unreasonably withheld or denied.

**Consent to Qualified Assignment** - Plaintiff acknowledges and agrees that the State of Michigan may make a "qualified assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the State of Michigan's liability to make the Periodic Payments set forth in section B to Prudential Assigned Settlement Services Corporation and in section A Pacific Life & Annuity Services, Inc. (Collectively "The Assignees"). The Assignees' obligation

for payment of the Periodic Payments shall be no greater than that of the State of Michigan (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

Such assignments, once made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the State of Michigan from the Periodic Payments obligation assigned to the Assignees. The Plaintiff recognizes that upon each assignment, the Assignees shall be the sole obligor with respect to the Periodic Payments obligation assigned to it, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the State of Michigan shall thereupon become final, irrevocable and absolute.

**Right to Purchase an Annuity** - The State of Michigan, itself or through its Assignees, shall fund the liability to make the Periodic Payments outlined through the purchase of an annuity policy from The Prudential Insurance Company of America and from Pacific Life Insurance Company (Collectively "Annuity Issuers"). Each Assignee shall be the sole owner of each annuity policy and shall have all rights of ownership. Each Assignee shall have Annuity Issuers mail payments directly to the Payee. The Payee shall be responsible for maintaining a current mailing address for the Payee with the Assignee.

**Discharge of Obligation** - The obligation of the Assignees to make each Periodic Payment shall be discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment to the designated address of the Payee named in this section of the Agreement. If the Payee or Beneficiary notifies the Assignees that any such check or electronic funds transfer was not received, the Assignees shall direct the Annuity Issuers to initiate a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall have the Annuity Issuers process a replacement payment.